Joseph J asp an, J.
The defendant moves to suppress physical evidence seized from his person upon a search incidental to his arrest. At issue is the legality of the arrest and upon its resolution, the right to search and seize.
A warrant for the arrest of the defendant was issued by a judge of the District Court on the basis of a filed accusatory instrument charging promoting gambling in the second degree, a misdemeanor (Penal Law, § 225.05). The warrant was executed the next day and during the attendant search, the police seized certain writings and papers which are the subject of this motion.
The defendant has since been indicted for possession of gambling records in the first degree, a felony (Penal Law, § 225.20) and it can be assumed that these seized documents may be used by the District Attorney to support the charges.
The defendant, citing CPL 120.20, urges that the District Court could not lawfully issue a warrant for his arrest on a misdemeanor charge without a prior determination that he would not respond to a summons.
CPL 120.20 in applicable portions reads as follows: "1. When a criminal action has been commenced in a local criminal court by the filing therewith of an accusatory instrument, other than a simplified traffic information, against a defendant who has not been arraigned upon such accusatory instrument and has not come under the control of the court with respect thereto, such court may, if such accusatory instrument is sufficient on its face, issue a warrant for such defendant’s arrest. * * * 3. Notwithstanding the provisions of subdivision one, if a summons may be issued in lieu of a warrant pursuant to section 130.20, and if the court is satisfied that the *182 defendant will respond thereto, it may not issue a warrant of arrest.” (Emphasis supplied.)
Section 130.20 referred to above reads as follows: "A summons may be issued only by the local criminal court with which the accusatory instrument underlying it has been filed, and it may be made returnable in such issuing court only.” (Emphasis supplied.)
The argument advanced is that the language in the two last phrases of CPL 120.20 (subd 3) must be construed as an essential mandatory provision which goes to the jurisdiction and authority of the Judge and that compliance is a condition precedent to the validity of the action or determination under it. In such cases "it must be strictly pursued, otherwise the whole proceeding is thereby rendered void”. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 171.)
The quoted sections of the CPL provide that a summons may issue indicating permissive provisions invoking the discretionary power of the court. However, the critical phrases of CPL 120.20 (subd 3) are alleged to cast a shadow over this interpretation. The language upon which defendant relies is as follows: "and if the court is satisified that the defendant will respond thereto [the summons], it may not issue a warrant of arrest.” (Bracketed words and emphasis supplied.)
The apparent contradiction between the permissive word may and the pre-emptory words may not can only be resolved by an examination of the entire statute and the purposes sought to be served thereby. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 177.)
If the word "may” as used in the statute is permissive, the defendant’s attack on the search and seizure must fall, if preemptory, it may succeed.
CPL article 120 derived from section 150 of the Code of Criminal Procedure which provided that a "magistrate may, in his discretion, instead of issuing a warrant as hereafter provided, issue a summons”.
The legislative intent of the code was to minimize the intrusion upon the freedom of a citizen in a case charging a misdemeanor wherever practicable and to provide a viable alternative to an arrest.
While the specific words "in his discretion” are not found in the CPL counterpart, the recurrent use of the word "may” carries the same import. An examination of article 120 as a *183 whole does not reveal any intent to withdraw from the court the right to exercise that discretion.
The CPL grants to the court the power to issue a warrant of arrest solely upon the basis of a valid underlying accusatory instrument and the power to issue a summons instead of a warrant in any case in which the accusatory instrument does not charge a felony.
The provision of CPL 120.20 (subd 3) upon which the defendant relies does not diminish or restrict this power. I read it as providing that if a summons has been issued, a warrant of arrest may not also issue in the case if the court is satisfied that the defendant will respond to the summons.
The Practice Commentary (Denzer, McKinney’s Cons Laws of NY, Book 11 A, § 130.30) in referring to CPL 120.20 (subd 3) interprets it as meaning that the summons shall issue instead of an arrest warrant "whenever such is practicable” (emphasis supplied).
This interpretation reinforces the view that the matter is within the discretion of the court and that the determination requires no formal hearing or special finding.
I conclude that the language in CPL 120.20 is not a mandatory direction to use a summons as the first resource. It is merely permissive. The use of the arrest warrant remains the permissible instrument by which a defendant may be subjected to the jurisdiction of the court.
The arrest in this case was therefore lawful and the incidental search and seizure permissible. The motion to suppress the physical evidence reached by that action is denied.
In view of this decision, the offer of the District Attorney to demonstrate at a hearing that there was in any event probable cause to arrest (CPL 140.10, subd 1) without a warrant is mooted.