■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURTON LIN-COLN, JR., Appellant. — Appeal by defendant from a judgment of the County Court, Orange County, rendered August 29, 1979, convicting him of criminal possession of a controlled substance in the third degree, upon a plea of guilty, and imposing sentence. Judgment reversed, on the law, plea vacated and indictment dismissed, without prejudice to resubmit the matter to another Grand Jury. The case is remitted to the County Court, Orange County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant was arrested on November 2, 1978 and charged in an "information complaint" with criminal sale of a controlled substance in the third degree. At the felony hearing, defendant was represented by counsel associated with the Legal Aid Society. Following the hearing, the matter was held for the action of a Grand Jury and defendant was remanded without bail. In a letter dated November 21, 1978, the District Attorney notified the Legal Aid Society that defendant's case was scheduled to be presented to a Grand Jury on November 30, 1978. That same letter also advised of defendant's right to appear and testify before the Grand Jury. On November 29, 1978 defendant wrote the court. He stated that, not having communicated with his counsel since the felony hearing, he had contacted the office of the Legal Aid Society on November 21, 1978. A representative of that office informed him that his assigned counsel was no longer associated with the Legal Aid Society and that it would be in his best interests to have a "street lawyer" appointed to represent him, for the Legal Aid Society had previously represented the informer in his case. He was also told that, in any event, he would be contacted by the Legal Aid Society either later that day or the next morning. As of November 29, 1978, however, he had not been contacted. Defendant's correspondence with the court was deemed a *pro se* application for the appointment of counsel and, on December 11, 1978, new counsel was assigned. Between the time of defendant's correspondence with the court and the appointment of new counsel, however, evidence underlying the charge which was the subject of the felony hearing, as well as evidence of other alleged criminal conduct, was presented to a Grand Jury. On December 14, 1978 a 12-count indictment was filed. Defendant thereafter entered a plea of guilty to the second count of the indictment, criminal possession of a controlled substance in the third degree. It is defendant's contention, *inter alia,* that he has been deprived of the assistance of counsel. We agree. The inaction by the Legal Aid Society combined with the failure to assign new counsel prior to the Grand Jury presentation amounted to a denial of defendant's right to assistance of counsel as guaranteed by both the Federal and State Constitutions (see US Const, 6th Amdt; NY Const, art I, § 6; see, also, CPL 180.10). As a consequence of such denial, defendant was effectively precluded from exercising his right to appear and testify before the Grand Jury which voted to indict him. We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Hopkins, Lazer and Mangano, JJ., concur.