■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS P. DURANTE, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered November 19, 1982, convicting him of criminal possession of stolen property in the first degree and four counts of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, that branch of defendant's motion which was to dismiss the indictment is granted, without prejudice to the People to resubmit the matter to another Grand Jury, if they be so advised, and the case is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Upon this record, we conclude that defendant was deprived of his statutory right to testify before the Grand Jury prior to being subjected to examination by the People. CPL 190.50 (subd

5, par [b]) requires that where an individual has executed a waiver of immunity, "such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration". Upon giving such evidence, he is then subject to examination by the People (CPL 190.50, subd 5, par [b]; *People v Green,* 80 AD2d 650, 651). Here, defendant appeared before the Grand Jury which was considering charges against him and submitted a waiver of immunity pursuant to CPL 190.45. Thereafter, the prosecutor immediately proceeded to examine defendant, thereby effectively depriving him of a reasonably fair and uninterrupted opportunity to first furnish the panel with his own version concerning the matters being investigated (*People v Dunbar,* 100 Misc 2d 389, 391-392). Accordingly, that branch of defendant's omnibus motion which was to dismiss the indictment should have been granted, without prejudice to the People to resubmit the matter to another Grand Jury, if they be so advised. Lazer, J. P., Gulotta, Brown, Niehoff and Boyers, JJ., concur.