■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA PREST, Appellant. — Judgment unanimously reversed, as a matter of discretion in the interest of justice, and indictment dismissed without prejudice to the People to resubmit the matter to another Grand Jury. Memorandum: On January 4, 1983 defendant was arrested on burglary and larceny charges for stealing some checks and a number of United States Savings Bonds from her father's home. It was alleged that she was aided and abetted by Kenneth Jopson. When arraigned upon a felony complaint in the Village Justice Court, she was represented by the Public Defender, as was the codefendant Jopson. Defendant maintains that she never received written notice from the District Attorney's office advising that her case was to be presented to the Grand Jury on January 25, 1983. When arraigned upon the indictment on February 4, 1983, defendant informed the court that she did not have funds to hire an attorney and requested a Public Defender. The court informed her that the Public Defender was assigned to represent codefendant Jopson

but that it would have the Public Defender represent her "just for the purposes of the arraignment". She was also informed by the court that another attorney would be assigned to represent her "to avoid conflict with Jopson". Defendant entered a plea of not guilty and the matter was adjourned until February 18, 1983. Thereafter, separate counsel was assigned to represent defendant. Within five days of his appointment, defendant's assigned attorney orally advised the court of his intention to bring a motion to dismiss the indictment on the grounds that defendant had improperly been denied the right to testify before the Grand Jury in violation of CPL 190.50 (subd 5). On February 21, 1983 defendant's attorney filed a motion to dismiss. The Court found that defendant's motion was untimely because it was not filed within five days after the arraignment as required by paragraph (c) of subdivision 5 of this section. The court found no justification for extending the five-day time limitation and denied defendant's motion to dismiss. Defendant then entered an *Alford* plea of guilty to attempted burglary in the second degree in satisfaction of the indictment.

Generally, by pleading guilty, defendant forfeits appellate review of any claim that a right to testify before the Grand Jury has been violated (*People v Ferrara,* 99 AD2d 257). However, the circumstances herein militate against a strict application of the five-day requirement (CPL 190.50, subd 5, par [c]). Upon this record, we conclude that defendant was deprived of her statutory right to testify before the Grand Jury. Defendant was represented by the Public Defender at the time of the arraignment solely for the purposes of the arraignment. Assigned counsel promptly moved within five days of his appointment to dismiss the indictment on the ground that defendant had been improperly denied her right to testify before the Grand Jury. Accordingly, the judgment is reversed and the indictment dismissed without prejudice to the People to resubmit the matter to another Grand Jury, if they be so advised (cf. *People v Durante,* 97 AD2d 851, 852). (Appeal from judgment of Orleans County Court, Miles, J. — attempted burglary, second degree.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.