■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD STEVENS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered October 1, 1987, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the facts and as a matter of discretion in the interest of justice, the indictment is dismissed with leave to the People to resubmit the matter to another Grand Jury, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

We conclude that the trial court erred in denying as untimely *(see,* CPL 190.50 [5] [c]) the defendant's *pro se* motion to dismiss the indictment based upon his claim that he was deprived of his statutory right to testify before the Grand Jury due to the absence of counsel at the Grand Jury proceedings. Although the defendant's motion was made more than five days after his arraignment on the indictment, the circumstances of this case "militate against a strict application of the five-day requirement" *(People v Prest,* 105 AD2d 1078, 1079). According to the facts as set forth in the defendant's brief, which are not disputed by the People, the defendant was represented at the postarrest arraignment by a Legal Aid attorney and at that time notified the prosecution that he intended to testify at the Grand Jury proceedings. The defendant was not represented by counsel at the Grand Jury proceedings held on May 27, 1987, and did not testify. There is no explanation in the record as to why the defendant's Legal Aid attorney did not appear at the Grand Jury proceedings although, notably, there is no indication that either the defendant or his attorney was seeking to thwart or delay the proceedings.

The defendant was arraigned on the indictment on June 17,

1987, without counsel and the matter was adjourned to July 8, 1987, in order that an attorney could be assigned to the defendant. On or about July 3, 1987, the defendant made his *pro se* motion to dismiss the indictment. Sometime thereafter, the defendant was assigned an 18-B attorney.

In view of the fact that the defendant was without legal representation at the time the *pro se* dismissal motion was made, we conclude that strict application of the five-day rule set forth in CPL 190.50 (5) (c) was inappropriate *(see, People v Prest, supra; People v Lincoln,* 80 AD2d 877). Moreover, although a defendant, by pleading guilty, as a general rule, forfeits appellate review of any claim that his right to testify before a Grand Jury was violated *(see, People v Ferrara,* 99 AD2d 257), under the circumstances of this case, in which the defendant was deprived of his constitutional right to assistance of counsel at the Grand Jury proceedings, the forfeiture rule does not apply *(see, People v Ferrara, supra; People v Lincoln, supra).* Mollen, P. J., Bracken, Rubin, Sullivan and Rosenblatt, JJ., concur.