■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECILE MASON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.),

rendered February 2, 1989, convicting her of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to resubmit the matter to another Grand Jury, if they be so advised.

The defendant's arrest stems from the discharge of a firearm during an altercation with the complainant during the early morning hours of December 15, 1987. On December 17, 1987, following the defendant's arraignment on the felony complaint, the defendant served written notice upon the District Attorney's office of her desire to testify before the Grand Jury. Nevertheless, the defendant's case was presented to the Grand Jury and an indictment was voted on December 21, 1987, and filed on January 7, 1988, without the defendant having been given notice or an opportunity to testify.

On January 21, 1988, the defendant was arraigned on the indictment. During the arraignment, the court was informed that the defendant would move pursuant to CPL 190.50 (5) to dismiss the indictment on the ground that she had been denied her right to testify before the Grand Jury. Also during the arraignment the defendant was assigned new counsel and the court *sua sponte* extended the five-day limit in CPL 190.50 (5) (c) within which the motion was required to be filed, to 15 days. On February 5, 1988, the defendant filed her motion to dismiss pursuant to CPL 190.50 (5). On March 7, 1988, the court directed that the case be resubmitted upon the original indictment to a second Grand Jury before which the defendant would testify. On March 23, 1988, the defendant withdrew her request to testify before the Grand Jury, and on March 24, 1988, the court denied the defendant's motion, reasoning that dismissal of the indictment and re-presentation would be "pointless" if the defendant did not intend to testify.

We have previously observed that the "mandatory language [of CPL 190.50 (5)] creates what is a ministerial duty on the part of the court to dismiss an indictment obtained in violation of a defendant's right to appear before the Grand Jury" *(Matter of Borrello v Balbach,* 112 AD2d 1051, 1052). Thus, where, as here, the defendant has notified the District Attorney of an intent to exercise the right to appear before the Grand Jury and thereafter is denied that right, the only appropriate remedy is outright dismissal of the indictment *(see, Matter of Borrello v Balbach, supra; People v Massard,* 139 AD2d 927; *People v Gini,* 72 AD2d 752). Additionally we

find that the filing of the motion more than five days after the arraignment upon the indictment did not render the motion untimely, as is contended by the People. In light of the fact that new counsel had been assigned, the Justice on arraignment had discretion to allow the defendant additional time to file a CPL 190.50 motion *(cf., People v Prest,* 105 AD2d 1078; *People v Hooker,* 113 Misc 2d 159; CPL 255.20).

In light of the foregoing we do not reach the remaining contentions raised by the parties.

Accordingly, the judgment is reversed and the indictment is dismissed, without prejudice to the People to resubmit the matter to another Grand Jury, if they be so advised. Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.