■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT MOSKOWICZ, Respondent. [595 NYS2d 464] —Order, Supreme Court, New York County (Stephen Crane, J.), entered April 16, 1992, which dismissed the indictment against defendant with leave to re-present on the ground that defendant was denied his right to testify before the grand jury because of ineffective assistance of counsel, unanimously affirmed.

In light of the extensive evidence that defendant's first retained counsel had not provided him, in any way, with effective representation, including the court's personal experiences with counsel's repeated failure to even appear on defen-

dant's behalf when scheduled to do so, we will not disturb the court's decision to credit defendant's sworn affidavit indicating that the attorney never consulted with him concerning his case or informed him of his right to testify before the grand jury. Furthermore, we agree with the trial court that, when taken as a whole, this evidence clearly demonstrates that defendant was not afforded "meaningful representation" (People v Baldi, 54 NY2d 137, 147) by his first attorney.

Upon its finding of ineffective assistance, the court properly considered newly retained counsel's motion to dismiss the indictment on the ground that defendant was denied his opportunity to testify in the grand jury, even though it was made beyond the five day period allotted in CPL 190.50 (5) (c) (see, People v Stevens, 151 AD2d 704), and properly concluded that defendant cannot be found to have intelligently waived his right to testify. Under such circumstance, the court properly dismissed the indictment with leave to re-present. Concur —Sullivan, J. P., Ellerin, Wallach, Ross and Rubin, JJ.