■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAKIM CROWN, Respondent. [628 NYS2d 741] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated April 5, 1994, as granted the defendant's motion to dismiss the indictment pursuant to CPL 190.50 (5) (c) and 210.35 (4).

Ordered that the order is affirmed insofar as appealed from.

Contrary to the People's contentions, the Supreme Court properly granted the defendant's motion to dismiss the indictment. The People completely failed to substantiate their claim that the defendant's former counsel had waived the defendant's properly-invoked right to testify before the Grand Jury. In light of the numerous prior adjournments granted to the People to enable them to obtain transcripts which they claimed would, but ultimately did not, prove that the former defense counsel had effectively communicated the defendant's waiver, a further adjournment to compel the presence of the former defense counsel, who was out on maternity leave, was unwarranted. The People failed to offer any excuse for not providing an affidavit from the unidentified Assistant District Attorney who supposedly received the former defense counsel's waiver. Therefore, the denial of the People's request for yet another adjournment was appropriate. The record establishes that the defendant notified the People in writing of his desire to testify before the Grand Jury and that he was not afforded that right. Accordingly, the indictment that was obtained without his testimony was properly dismissed (see, People v Hancock, 205 AD2d 800; People v Jimenez, 180 AD2d 757; see also, People v Moskowicz, 192 AD2d 317; People v Stevens, 151 AD2d 704; People v Lincoln, 80 AD2d 877).

We have reviewed the People's remaining contentions and

find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Miller, Thompson and Joy, JJ., concur.