OPINION OF THE COURT
Daniel J. Cotter, J.
The defendant, pursuant to CPL 190.50, moves to dismiss indictment No. 92111 which charges him with criminal possession of a forged instrument in the second degree (8 counts), criminal possession of stolen property in the fourth degree (3 counts), criminal possession of stolen property in the fifth degree and resisting arrest.
HISTORY OF CASE
October 26, 1994, defendant arraigned on felony complaint, represented by Legal Aid for arraignment only, bail set at $5,000. Defendant referred to defense counsel screening to determine eligibility for assigned counsel and proceeding adjourned to October 28, 1994. October 26, 1994, defendant found not eligible for assigned counsel based on his statement that he would retain his own attorney. October 27, 1994, defendant released from Nassau County Correctional Facility upon posting of $5,000 cash bail with next required court date set forth on bail receipt. October 27,1994, CPL 190.50 (5) (a) notice alleged to have been served on the People by the Legal Aid Society. October 28, 1994, defendant fails to appear, bench warrant issued and bail forfeited. June 13, 1995, present indictment filed with Clerk of Nassau County Court. September 26, 1995, order to produce defendant from Rikers Island Correctional Facility signed. October 25, 1995, defendant produced in Nassau County Court and arraigned on indictment. October 27, 1995, present motion timely filed with Clerk of Nassau County Court.
PRESENT MOTION
It is undisputed that no notice was sent to the defendant or to the Legal Aid Society of Nassau County regarding the Grand Jury presentment of this proceeding.
The defendant maintains that, by a form dated October 27, 1994 from the Legal Aid Society, a proper demand to be notified of Grand Jury presentment was made pursuant to CPL 190.50 (5) (a) and the failure to have given such notice mandates dismissal. (See, CPL 190.50 [5] [c].)
*959 The People maintain that they never received such demand and that, even if it was served, it would be without any legal significance since the Legal Aid Society did not represent the defendant on October 27, 1994, the date on which the demand was allegedly served.
The People also maintain that, since the defendant remained in bench warrant status for some seven months prior to the Grand Jury presentment, it would have been an utterly futile step to send notification to a fugitive from justice.
DECISION OF THE COURT
First, this court finds that the representation of the defendant by the Legal Aid Society was only for the arraignment of October 26, 1994 and extended no further.
Once the arraignment proceedings terminated, the Legal Aid Society no longer represented this defendant and the filing by Legal Aid of a CPL 190.50 demand for notice the next day was a nullity. (See, People v Jordan, 153 AD2d 263.)
Any Grand Jury notice that might be required of the People under CPL 190.50 would have had to be sent to the defendant directly or to the attorney the defendant stated he would retain should a notice of appearance be filed. (People v Jordan, supra.)
This court further finds that once a defendant, postarraignment, voluntarily absents himself from the proceedings, he forfeits and waives the right to be notified of Grand Jury presentment and the People are relieved of the notification mandate set forth under CPL 190.50 (5) (b).
Although CPL 190.50 (5) (b) seems to mandate such notification by stating that "the district attorney * * * must subsequently serve upon the applicant, at the address specified by him, a notice that he will be heard by the grand jury at a given time and place,” in People v Stevens (151 AD2d 704), the Appellate Division, Second Department, has carved an exception to the apparently mandatory nature of the word "must”.
In Stevens (supra, at 704), the Court, contra to the apparent mandate of CPL 190.50 (5) (c) which required that certain motions must be made not more than five days after the defendant has been arraigned upon the indictment, stated, "[although the defendant’s motion was made more than five days after his arraignment on the indictment, the circumstances of this case rmilitate against a strict application of the five-day requirement’ ” (emphasis supplied).
And the circumstances of this proceeding likewise militate against a strict application of the notification of Grand Jury presentment requirement.
*960 This defendant, from. 1983 to the present, has been involved in the New York State criminal justice system under seven different names with six different addresses; has twice had bench warrants issued (1991 and 1992) on Queens County proceedings; was deported from this country on May 31, 1993; and, subsequent to the issuance of the bench warrant herein on October 28, 1994, was found not to be living at the address set forth in the felony complaint.
As the Appellate Division, Second Department, in Stevens (supra) has held that the statutory use of the word “must” does not in all situations limit the court to the performance of a mandatory ministerial act, and with the background as herein-above set forth, and with the defendant having bench warranted on the first scheduled court appearance after his arraignment, this court finds full justification in holding that this defendant is a voluntary fugitive who has waived and forfeited his right to Grand Jury notification.
Therefore, on both grounds set forth in this decision, the defendant’s motion to dismiss indictment No. 92111 pursuant to CPL 190.50 is denied.