■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE WIGGINS, Appellant. [634 NYS2d 747] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered October 16, 1991, convicting him of grand larceny in the fourth degree and robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court (Grajales, J.), denying the defendant's motion pursuant to CPL 210.20 (1) (c) and 210.35 (4) to dismiss the indictment upon the ground that he had been deprived of his right to appear and testify before the Grand Jury in accordance with the provisions of CPL 190.50 and so much of an order of the same court (Grajales, J.), as, upon reargument, adhered to the original determination denying dismissal of the indictment on that ground.

On February 6, 1991, Police Sergeant Keith Risorto received a telephone call from the complainant, alerting him that she had just seen the man who had robbed her on January 16, 1991, standing on the corner of Broadway and Eldert Street in Brooklyn. When Sergeant Risorto arrived to investigate, the complainant described the suspect, along with his clothing, and pointed out the abandoned building that she had seen him enter. Under these circumstances, it was not inappropriate for the police to enter the building—which turned out to be crowded with individuals using crack cocaine—and lead the defendant outside to be viewed by the complainant *(see, e.g., People v Duuvon,* 77 NY2d 541; *People v Love,* 57 NY2d 1023; *People v Matherine,* 166 AD2d 322; *People v Knight,* 144 AD2d 698).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of larceny in the fourth degree and robbery in the third degree beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, the defendant's conviction must be reversed because, although he timely filed his notice of his intention to testify before the Grand Jury pursuant to CPL 190.50, he was deprived of his right to do so as a result of the ineffective assistance of his trial counsel who failed to note that the People's reciprocal notice pursuant to CPL 190.50 stated exactly when the defendant was to appear and testify. By the time defense counsel arrived, more than an hour after the defendant's scheduled testimony, the Grand Jury had voted an indictment. Under these circumstances, the indictment must be dismissed *(see, e.g., People v Moskowicz,* 192 AD2d 317; *People v Jimenez,* 180 AD2d 757; *People v Stevens,* 151 AD2d 704; *People v Lincoln,* 80 AD2d 877). We note that there is no indication that either the defendant or his attorney was seeking to thwart or delay the proceedings *(see, People v Stevens, supra).*

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.