■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT BACKMAN, Respondent. [710 NYS2d 122] —Appeal by the People from so much of an order of the County Court, Orange County (DeRosa, J.), dated November 10, 1998, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is affirmed insofar as appealed from.

On July 27, 1998, the defendant was arraigned in Justice Court in the Town of Woodbury on a felony complaint arising from an arrest earlier that morning for, *inter alia*, possession of cocaine. On July 30, 1998, before a preliminary hearing on the felony complaint, the charges were presented to a Grand Jury, which returned an indictment against the defendant. On August 7, 1998, the defendant was arraigned on the indictment. At the arraignment, newly-assigned counsel for the defendant noted that the defendant, although indigent, had not been assigned counsel at the arraignment on the felony complaint, although he had not waived such right, and had been without representation from his arrest until that morning. Thus, counsel argued, although the defendant had been given notice of the impending Grand Jury proceeding while incarcerated, he had been improperly denied assistance of counsel and effectively denied his right to appear before the Grand Jury. Moreover, counsel noted, a person arrested with the defendant had appeared at the Grand Jury proceedings and had given testimony against the defendant, resulting in charges against the defendant only, although the cocaine at issue had been retrieved from a vehicle in which both of them had been riding. The County Court, noting that it was unclear what had oc-

curred before the Justice Court, postponed further proceedings in the matter until September 9, 1998, to allow defense counsel time for further inquiry.

On September 3, 1998, after records obtained from the Justice Court revealed that the defendant had not in fact been represented by counsel during arraignment, the defendant moved, *inter alia*, for dismissal of the indictment on the ground that he was denied effective assistance of counsel and his right to appear before the Grand Jury pursuant to CPL 190.50. The defendant argued that he would have testified before the Grand Jury had he been properly advised. The People opposed the motion as untimely, arguing that it was not made within five days of arraignment on the indictment as required by CPL 190.50 (5) (c). In the order appealed from, the County Court granted the defendant's motion to dismiss the indictment, with leave to the People to re-present.

In light of the defendant's lack of counsel at a time when he was statutorily and constitutionally entitled to the effective assistance of counsel, the defendant was deprived of his right to appear before the Grand Jury pursuant to CPL 190.50 (*see, People v Chapman,* 69 NY2d 497; CPL 180.10 [3]; *People v Moskowicz,* 192 AD2d 317; *People v Lincoln,* 80 AD2d 877). Thus, the indictment was properly dismissed.

Although the defendant's motion was not made within five days of his arraignment on the indictment, as required by CPL 190.50 (5) (c), it was nonetheless properly considered by the court. During arraignment, the defendant's time was enlarged to make his CPL 190.50 motion in order to permit newly-assigned defense counsel time to make further inquiries (*see, People v Mason,* 176 AD2d 356; *cf., People v Moskowicz, supra*; *People v Stevens,* 151 AD2d 704; *People v Prest,* 105 AD2d 1078). The motion was made within the enlarged period of time. Ritter, J. P., Santucci, Altman and Schmidt, JJ., concur.