■ The People of the State of New York, Appellant, v Jose Estrada, Respondent. [740 NYS2d 241] —Appeal by the

People from an order of the County Court, Nassau County (Boklan, J.), entered July 23, 2001, which granted the defendant's motion to dismiss the indictment pursuant to CPL 190.50 and CPL 210.20.

Ordered that the order is affirmed, and the People's time to resubmit the case to another grand jury is extended until 30 days after the date of this decision and order.

The People contend that the County Court erred in dismissing the indictment charging the defendant with, inter alia, attempted murder in the second degree based upon the People's denial of the defendant's right to testify before the grand jury. We disagree and affirm the order dismissing the indictment.

The defendant's second request to postpone presentment of the case to the grand jury to assure the presence of defense counsel, who was actively engaged in a criminal trial in Federal Court, was made in good faith and was not a dilatory tactic (see People v Diaz, 137 Misc 2d 181; People v Young, 137 Misc 2d 400; cf. People v Arroyave, 49 NY2d 264; People v Stevens, 151 AD2d 704). Moreover, the importance of a defendant being represented by counsel of his or her own choosing requires the People to make reasonable accommodations to counsel (see People v Winslow, 140 Misc 2d 210, 214; cf. People v Backman, 274 AD2d 432; People v Stevens, supra).

Accordingly, since the People failed to permit a short postponement of the grand jury presentment to allow the defendant to appear with his counsel, the defendant was not afforded a reasonable time to exercise his right to appear as a witness before the grand jury, and the County Court properly dismissed the indictment (see CPL 190.50 [5] [a]).

In the event that the People choose to resubmit this case to another grand jury as authorized herein, prior to any such presentations, the People shall inform the defendant so that he may be afforded the opportunity to testify before the grand jury. Santucci, J.P., Smith, Goldstein and Friedmann, JJ., concur.