OPINION OF THE COURT
John M. Leventhal, J.
The defendant moves to dismiss the indictment on the ground *311 that his right to testify before the grand jury proceeding was violated.
In deciding this motion, the court has considered the motion papers, the defendant’s supplemental affirmation in support of the motion, the affirmation in opposition, the defendant’s reply affirmation and the court file.
Facts
On October 14, 2004, the defendant was arraigned in Kings County Criminal Court on a misdemeanor complaint for assault in the third degree, menacing in the third degree and harassment in the second degree. On October 21, 2004, the assistant district attorney (ADA) requested that defendant’s bail be raised because the ADA had learned that the complainant’s injuries were more serious than originally thought. The court asked the ADA whether, in light of the new information regarding the victim’s injuries, the case would be presented to a grand jury. The ADA responded that the case would not be presented to the grand jury for indictment. The defendant never served notice of his desire to testify before the grand jury.
On October 27, 2004, the case was presented to the grand jury. On November 22, 2004, an indictment charging the defendant with attempted assault in the second degree and related charges was filed. On December 13, 2004, the defendant was arraigned and pleaded not guilty.
On January 13, 2005, a month after the defendant’s arraignment, the defendant filed the instant motion. In the motion, defense counsel alleges that she was retained by the defendant on December 8, 2004, and the Legal Aid Society was then relieved. On December 13, 2004, the defense counsel was in court for defendant’s arraignment. However, defense counsel claims that she was sick and became increasingly ill over the next few weeks. The defense counsel further contends that she did not learn of the ADA’s misrepresentation that the case was not going to be presented to the grand jury until just before Christmas.
The defense counsel argues that the motion should be deemed timely because she could not file the motion in a timely manner due to her illness and the necessity to obtain the Kings County Criminal Court minutes of the proceeding.
No application was ever made to this court to extend the time for making the instant motion. The request for the court to disregard the untimeliness of the motion is first made in the moving papers.
*312 Right of a Prospective Defendant to Testify before the Grand Jury
There is no federal or state constitutional right to testify before a grand jury.[1] The right to testify is purely statutory.[2] As such, the statutory requirements must be met in order to be entitled to a dismissal.
CPL 190.50 (5) (c) provides that a motion to dismiss an indictment “must be made not more than five days after the defendant has been arraigned upon the indictment... If the contention is not so asserted in timely fashion, it is waived and the indictment . . . may not thereafter be challenged on such ground.” Under the statute, if a CPL 190.50 motion is not made within five days from arraignment, the defendant is deemed to have waived his statutory right to dismissal by operation of law.
The issue in this case is whether the court has the authority to disregard the five-day limitation for making the motion to dismiss and to reach the merits of the issue, and if so, does the government’s misrepresentation constitute a violation of the defendant’s rights.
Court’s Authority to Disregard the Five-Day Limitation
The rule in the Appellate Division, First Department, is clear. In People v Biggs,[3] the Court pronounced:
“A motion to invalidate an indictment for violating an individual’s right to appear before a Grand Jury ‘must be made not more than five days after the defendant has been arraigned upon the indictment’, or else it is waived (CPL 190.50 [5] [c]). The mandatory nature of this rule has been widely recognized
CCT
CCT L 1 “In granting the motion to dismiss the indictment on reconsideration, the court cited only People v Jimenez (180 AD2d 757), a decision in which untimeliness was not in issue. Where untimeliness clearly is in issue, the court has no discretion to dismiss the indictment on this ground.” (Emphasis supplied and citations omitted.)
*313 Thus, the Appellate Division, First Department, holds that the provisions are mandatory and the court lacks “discretion” to disregard the five-day time period in making the motion.
The position of the Appellate Division, Second Department, is less clear. Some cases appear to give latitude to the court to ignore the five-day limitation while other cases seem to say that there is no discretion.
In People v Stevens,[4] the defendant was without counsel during the time that the case was being presented to the grand jury and without counsel from arraignment until well after five days after arraignment. In this situation, the Appellate Division, Second Department, held that the court should not “strictly” subject the defendant to the five-day requirement.
The Stevens case was the foundation for the Appellate Division, Second Department’s decision in People v Wiggins.[5] The Wiggins case was reversed by the Court of Appeals.[6]
Subsequent to the reversal in the Wiggins case, the Appellate Division, Second Department, held that in spite of a lack of assistance of counsel during the grand jury period, an untimely motion to dismiss grounded upon defense counsel’s failure to effectuate the defendant’s right to testify before the grand jury must be denied.[7] The Second Department has also held in subsequent cases that the failure to make a timely motion to dismiss an indictment based upon a violation of CPL 190.50 does not, in and of itself, constitute ineffective assistance of counsel.[8]
These post-Wiggzns cases call into question the vitality of the principle that there are situations in which the court should not strictly construe the five-day requirement.
It is noted that in this case there was no violation of the defendant’s right to counsel, and even if Stevens were still good law, it would not apply to this case.
However, two other Second Department decisions indicate that the court has the authority to disregard the five-day limita *314 tion period.[9] In these cases, defense counsel at arraignment requested additional time beyond the statutory five-day period to make a motion to dismiss grounded on a violation of CPL 190.50. In both cases, the lower courts granted defense counsel’s request for an extension of the five days’ limitation. A motion was then made beyond the five-day requirement and was ultimately granted. The Appellate Division, Second Department, affirmed the dismissal of the indictments notwithstanding the untimeliness of the motion. The Appellate Division did not discuss the authority of lower court to extend the five-day limitation. The underlying rationale for the affirmances in these cases appears to be that since the defendant relied on the court’s representation that counsel could make the motion after the five days, the defendant should not be held to the time limitation.[10]
It appears that the Appellate Division, Second Department, may sanction the extension of the five-day period to make a motion to dismiss the indictment based on a violation of CPL 190.50.
It is important to note that in each of the above-noted cases the defense attorney made a motion to extend the five-day period prior to its expiration. When an attorney asks for additional time prior to the end of the limitation period, no waiver by operation of law has occurred at the time of the request. When the court then grants the request, the court is merely postponing the waiver. In contrast, where a court receives a request after the five days, a waiver by operation of law has already become effective.
In this case, the request, if any, for extension of time had been made well past five days. The waiver of the defendant’s right to testify before the grand jury had already come into being by operation of law.
In contrast to the above-mentioned cases, there are two other Appellate Division, Second Department, cases which seem to hold that a lower court is not authorized to extend the five-day *315 period.[11] In both of these cases, the lower court granted motions to dismiss the indictment made more than five days after arraignment. In Valle, the motion was made six days after arraignment. In each case, the Appellate Division reversed the dismissal and held that the motions were untimely and the motion to dismiss should have been denied.
These cases seem to adhere to a strict five-day limitation and do not appear to grant any flexibility to a lower court. In each case, the Appellate Division did not discuss the authority of the lower court to enlarge the time for making the motion.
This court does not find itself bound by any particular precedent of the Appellate Division, Second Department, in this area because of the conflicting inferences in the case law. Similarly, since some Appellate Division, Second Department, decisions are contrary to those of the Appellate Division, First Department, the court is not bound by the First Department on this issue.
Because the defendant’s rights are purely statutory, the proper resolution of this issue is to examine legislative intent by applying the rules of statutory construction. Where the Legislature has authorized a court to take a particular action in a particular situation, but has failed to authorize a court to take that same action in a different situation, the omission is deemed intentional.[12] In this case, whenever the CPL has placed a time limitation on a defendant’s motion and the Legislature wishes to grant the court the authority to disregard the time limitation, the statute authorizes extension for “good cause” shown.[13] In CPL 190.50, the Legislature has not specifically provided the court with “good cause” authorization to ignore or to excuse the five-day limitation. This omission is intentional and indicates that the court is unauthorized to forgo the five-day requirement.
Also the phrase “may not thereafter be challenged on such ground” after the statute sets forth the five-day requirement is *316 mandatory and indicates that the Legislature prohibited a court from entertaining an untimely motion.[14]
In deciding this motion, the court has considered that the ADA’s misrepresentation did not contribute in any way to the delay in making this motion.
The motion to dismiss the indictment grounded on a violation of CPL 190.50 is denied as it was made beyond the mandated statutory five-day period.

. People v Smith, 87 NY2d 715, 719 (1996); People v Lighthall, 6 AD3d 1170, 1171 (2004); People v Fox, 175 Misc 2d 333, 338 (1997); Clark v Solem, 628 F2d 1120, 1121 (1980).

. Id.

. 214 AD2d 312, 313-314 (1995).

. 151 AD2d 704 (1989).

. 225 AD2d 1117, 1118 (1995).

. 89 NY2d 872 (1996).

. People v McLaurin, 237 AD2d 382, 382 (1997).

. Id.; People v Brooks, 258 AD2d 527, 528 (1999); see also People v Wright, 5 AD3d 873, 874 (2004); People v Harrison, 304 AD2d 376, 377 (2003).

. People v Backman, 274 AD2d 432, 432-433 (2000); People v Mason, 176 AD2d 356 (1991).

. It is quite possible that holding the defendant to the five-day limitation in these circumstances could violate the defendant’s due process rights. See generally, Santobello v New York, 404 US 257 (1971).

. People v Duran, 266 AD2d 230, 231 (1999); People v Valle, 198 AD2d 459 (1993).

. See People v Finnegan, 85 NY2d 53, 58 (1995); People v Tychanski, 78 NY2d 909, 911 (1991).

. See, e.g., CPL 100.25 (3); 200.95 (3); 240.80 (1); 250.10 (2); 250.20 (1); 250.30 (1); 255.20 (3); 400.15 (7) (b); 400.19 (6) (c); 400.20 (6); 400.21 (7) (b), and many others.

. See People v McNeil, 90 Misc 2d 180, 181-182 (1977) (phrase “may not” is peremptory).