■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SANTANA, Appellant. [984 NYS2d 645]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dwyer, J.), dated September 12, 2012, which,

without a hearing, denied his motion for resentencing pursuant to CPL 440.46, on his conviction of criminal possession of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on December 3, 2002.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance with CPL 440.46.

The Supreme Court denied the defendant's motion for resentencing pursuant to CPL 440.46 solely on the basis that the defendant was ineligible for that relief because he was on parole, and not "in custody," at the time he filed his motion. A non-incarcerated parolee, however, is in the "custody" of the New York State Department of Corrections and Community Supervision (hereinafter DOCCS) within the meaning of CPL 440.46 (1) (*see People v Brown*, 115 AD3d 155 [2014]; *People v Pomales*, 35 Misc 3d 444, 448 [Sup Ct, Bronx County 2012]). Since the defendant met all eligibility requirements of CPL 440.46, it was error to deny the motion on the basis that the defendant was statutorily ineligible for resentencing, and we remit the matter to the Supreme Court, Kings County, for further proceedings on the defendant's motion. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.