People v Trapani (2018 NY Slip Op 04041)





People v Trapani


2018 NY Slip Op 04041


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

108791

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAMIAN TRAPANI, Appellant.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Gloria J. Sprague, Law Intern), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered July 22, 2016, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.
Defendant was charged in an indictment with burglary in the third degree and criminal mischief in the fourth degree. He unsuccessfully moved to dismiss the indictment on the ground that the People had not afforded him with a reasonable amount of time in which to exercise his right to appear as a witness before the grand jury (see CPL 190.50 [5]). Defendant then pleaded guilty to attempted burglary in the third degree in full satisfaction of the indictment and waived his right to appeal. The plea agreement contemplated that defendant would be sentenced as a
second felony offender to 1½ to 3 years in prison, but County Court warned defendant that the sentence could be enhanced if he were arrested prior to sentencing. Defendant was thereafter arrested and charged with assaulting three correction officers, prompting County Court to sentence him as a second felony offender to an enhanced prison term of 2 to 4 years. Defendant now appeals.
Defendant points to the denial of his motion to dismiss the indictment due to a violation of his statutory right to appear and testify before the grand jury (see CPL 190.50 [5] [a]), an issue that would ordinarily be forfeited by his guilty plea (see People v Straight, 106 AD3d 1190, 1191 [2013]; People v Dennis, 223 AD2d 814, 815 [1996], lv denied 87 NY2d 972 [1996]) and precluded by his knowing, intelligent and voluntary appeal waiver (see People v Lawrence, 135 [*2]AD3d 1187, 1188 [2016], lv denied 27 NY3d 1001 [2016]; People v Johnson, 97 AD3d 990, 991 [2012]). Inasmuch as he argues that the statutory violation occurred because of an outright deprivation of his constitutional right to counsel, however, he advances an argument that "'go[es] to the very heart of the process' and survive[s]" both his guilty plea and appeal waiver (People v Smith, 143 AD3d 31, 34-35 [2016], affd in relevant part 30 NY3d 626 [2017], quoting People v Griffin, 20 NY3d 626, 630 [2013]; see People v Chappelle, 121 AD3d 1166, 1168 [2014], lv denied 24 NY3d 1118 [2015]; see also United States v Cronic, 466 US 648, 659 [1984]; Hurrell-Harring v State of New York, 15 NY3d 8, 23-24 [2010]).
On December 11, 2015, defendant appeared in City Court for arraignment on a felony complaint and a misdemeanor information charging him with the offenses for which he was later indicted. Defendant, as is relevant here, stated that he wished to represent himself and testify before the grand jury. He remained unrepresented at a second appearance three days later and reiterated his desire to appear before the grand jury. The indictment was handed up shortly thereafter, and it appears that the People disregarded defendant's desire to testify before the grand jury because he failed to make a written demand as required (see CPL 190.50 [5] [a]).
"[D]efendant's indelible right to counsel . . . attached when the felony complaint against him was first filed" (People v Chapman, 69 NY2d 497, 500 [1987]) and, while he could waive that right and proceed pro se, the waiver would be invalid absent a "searching inquiry" by City Court to discern whether defendant understood and "appreciated the 'dangers and disadvantages' of" self-representation (People v White, 56 NY2d 110, 117 [1982], quoting Faretta v California, 422 US 806, 835 [1975]; see People v Silburn, NY3d , , 2018 NY Slip Op 02286, *2 [2018]; People v Myers, 160 AD3d 1029, 1032 [2018]). There was no inquiry conducted here, leaving the record silent as to whether "defendant 'acted with full knowledge and appreciation of the panoply of constitutional protections that would be adversely affected by counsel's inability to participate'" so as to constitute a valid waiver (People v Middlemiss, 125 AD3d 1065, 1067 [2015], quoting People v Henriquez, 3 NY3d 210, 217 [2004]). Defendant should therefore not have been permitted to proceed pro se (see People v Crampe, 17 NY3d 469, 481-482 [2011]; People v Myers, 160 AD3d at 1032-1033; People v Guarnieri, 122 AD3d 1078, 1079-1080 [2014])[FN1]. It follows that defendant was deprived of an opportunity to consult with counsel — who could have assisted defendant in deciding whether to appear before the grand jury and made an effective demand to appear in the event he chose to do so — and this "deprivation of defendant's constitutional right to counsel requires the dismissal of the indictment" (People v Chappelle, 121 AD3d at 1168; see People v Backman, 274 AD2d 432, 433 [2000]; People v Fields, 258 AD2d 593, 594 [1999]; People v Stevens, 151 AD2d 704, 705 [1989]; People v Lincoln, 80 AD2d 877, 877 [1981]).
Defendant's remaining arguments are academic.
McCarthy, J.P., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury.



Footnotes

Footnote 1: Defendant abandoned his efforts to proceed pro se after an indictment was handed up.