People v Smith (2025 NY Slip Op 50105(U))

[*1]

People v Smith

2025 NY Slip Op 50105(U)

Decided on January 29, 2025

Supreme Court, New York County

Newbauer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 29, 2025
Supreme Court, New York County

The People of the State of New York,

against
Chad Smith, Defendant.

Indictment No. 74463-24

Rachel Movius, Assistant District Attorney, Manhattan District Attorney's Office
Riana, Riad, Legal Aid Society, for Defendant Chad Smith

April A. Newbauer, J.

The defendant is charged with attempted robbery in the first degree (PL §110/160.15(3)) and grand larceny in the fourth degree (PL §155.30(5)). The defendant has moved to dismiss the indictment and for his immediate release. The People oppose the motion. The motion is decided as follows:
Procedural History
The defendant was arraigned on September 14, 2024. At the time of the arraignment, the People served a Wiggins letter, indicating their intention to present the case to a grand jury on September 19, 2024. See People v. Wiggins, 225 AD2d 1117 (NY App Div 1995). The defendant served cross grand jury notice, alerting the People that the defendant intended to testify at the grand jury. On September 16, 2024, the People served a second Wiggins letter, rescheduling the grand jury presentation for September 18, 2024, due to scheduling the complaining witness. On the same day, the People sent the defense a written, annotated copy of statements the defendant made that were recorded on officers' body worn cameras (BWC). On September 17, 2024, defense counsel contacted the People and communicated that the People were required to provide the BWC footage itself rather than just written copies of the statements. The People had the BWC footage in their possession, but did not turn it over. The People presented evidence to the grand jury on September 18, 2024, and the grand jury returned an indictment on September 19, 2024, at 4 p.m. The People turned over the BWC footage of the defendant's statements at some point during the same day. The defense counsel made an application to have the defendant released on September 19, 2024, arguing the late discovery was grounds for CPL §180.80 relief, but that application was denied. 

 Legal Analysis
Defendants facing felony charges have the right to testify in their own grand jury proceedings. CPL §190.50(5)(a). As to discovery relating to grand jury presentations, the statute provides:
[t]he prosecution shall disclose statements of the defendant as described in paragraph (a) of subdivision one of section 245.20 of this article to any defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of a prospective or pending grand jury proceeding, no later than forty-eight hours before the time scheduled for the defendant to testify at a grand jury proceeding pursuant to subdivision five of section 190.50 of this part.
CPL §245.10(1)(c). The People here do not dispute that the defendant made statements that fall under the auspices of CPL §245.20, nor that they were in possession of the BWC footage of the statements. Rather, the People argue that they satisfied their discovery obligations under §245.10(1)(c) by providing written, annotated copies of the defendant's statements at least forty-eight hours in advance of the time that the defendant was scheduled to testify before the grand jury.
While there is no appellate authority, New York trial courts have addressed this issue and have reached the same conclusion—that the People must turn over the actual recordings of a defendant's statements. See, e.g., People v. Carswell, 67 Misc 3d 444, 448 (Crim Ct Bx Co 2020) ("contrary to the People's contention, the plain meaning of the statute requires that the People turn over to defendant the actual recordings of his statements within 48 hours of his scheduled grand jury testimony"). There is no ambiguity in the statute, and few would dispute that viewing the actual tone and context of the statement is superior to a written transcript for a host of reasons. The People should have provided the recordings of the defendant's statements;[FN1]
by failing to do so at least forty-eight hours before they knew the defendant planned to testify, they failed to comply with CPL §245.10(1)(c). See id.; People v. Weston, 66 Misc 3d 785 (Crim Ct Bx Co 2020); People v. McMillan, 71 Misc 3d 374 (Crim Ct Bx Co 2020).
According to CPL §245.80, "[w]hen material or information is discoverable under this article but is disclosed belatedly, the court shall impose a remedy or sanction that is appropriate and proportionate to the prejudice suffered by the party entitled to disclosure." CPL §245.80(1). The statute goes on to enumerate the remedies and sanctions the court can impose:
For failure to comply with any discovery order imposed or issued pursuant to this article, the court may make a further order for discovery, grant a continuance, order that a hearing be reopened, order that a witness be called or recalled, instruct the jury that it may draw an adverse inference regarding the non-compliance, preclude or strike a witness's testimony or a portion of a witness's testimony, admit or exclude evidence, order a mistrial, order the dismissal of all or some of the charges provided that, after considering all other remedies, dismissal is appropriate and proportionate to the prejudice suffered by the party entitled to disclosure, or make such other order as it deems just under the circumstances; except that any sanction against the defendant shall comport with the defendant's constitutional right to present a defense, and precluding a defense [*2]witness from testifying shall be permissible only upon a finding that the defendant's failure to comply with the discovery obligation or order was willful and motivated by a desire to obtain a tactical advantage.
CPL §245.80(2).
The defendant argues that the correct remedy for the People's belated disclosure is dismissal of the indictment and his immediate release. The People respond that the defendant is only entitled to a remedy if he suffered prejudice and that "[d]efendant does not allege that he suffered any prejudice in this case." People's Affirmation in Response to Defendant's Motion, p. 9. This is not correct. The defendant's right to testify in the grand jury is an enormous strategic decision that carries tremendous implications for the future of the criminal action and indeed, for the defendant's future. People v. Hogan, 26 NY3d 779 (2016). The defendant argues this very point, that the prejudice was being denied the statutory period to review his prior statements to law enforcement. Defendant's Affirmation, p. 6. The court agrees with the defendant that this constitutes prejudice within the meaning of the discovery statute. The People's late disclosure deprived the defendant and his attorney of the opportunity to confer and adequately discuss his decision of whether or not to testify before the grand jury. As the court in People v. Carswell, 67 Misc 3d at 449 (Crim Ct Bx Co 2020), explained,
[t]he decision to testify in the grand jury has far-reaching ramifications. Thus, before a defense attorney makes such a critical decision, counsel should have the opportunity to view the actual video recording of a defendant's statements in its entirety—including the circumstances and context surrounding the statements—such that he or she can provide informed and meaningful advice to the client.
Similarly, the court in People v. McMillian, 71 Misc 3d 374, 382 (Crim Ct Bx Co 2021) held that,
whether a defendant should testify in the grand jury is ultimately an important strategic decision for defense counsel . . . Only by viewing the actual recording can counsel fully understand not just the words spoken by his or her client, but also the context and circumstances in which the statements were made, including any question to which the statements were made in response, and thus be able to provide meaningful and informed advice to his or her client.
The People urge the court to find that dismissal of the indictment is an "exceptional" remedy. Both of the cases the People rely on to support this argument were decided in 1996 and 2014 respectively, long before the enactment of discovery reform in 2019-2020, which was intended to radically shift the norms and rules of exchanges of discoverable information in criminal cases. See People v. Hurston, 88 NY2d 400 (1996); People v. Thompson, 22 NY3d 687 (2014). 
The People also argue, as was found in several other lower court cases, that a defendant's right to testify before the grand jury under CPL §190.50(5) and the discovery requirements established by CPL §245.10 "are separate legal provisions." People's Affirmation in Response to Defendant's Motion, p. 8. Therefore, the People contend, "[a] delay in disclosures does not violate a defendant's right to testify in the grand jury." Id; People v. Abdulhaqq, 77 Misc 3d 1220(A). However, that view requires speculation that the Legislature would have amended all affected or connected parts of the CPL when revising the discovery provisions, which courts have cautioned against. See Kuzmich v. 50 Murray Street Acquisition, 34 NY3d 84, 94 (2019) (holding that because the legislature included a particular exception in one statute it "did not also [*3]need to amend" a second relevant statute); see also People v. Ocasio, 28 NY3d 178, 183 n.2 (2016) ("To the extent the dissent implies that the legislature's failure to enact a 2008 proposed amendment adding 'collapsible batons' to Penal Law § 265.01(1) supports its position that the existing prohibition on 'billies' does not include collapsible batons, we note that 'inaction by the Legislature is inconclusive in determining legislative intent.'").
In People v. Brown, 115 AD3d 155, 157 (2d Dept 2014), the appellate court held that the Drug Reform Act of 2009 (DLRA) qualified persons to be re-sentenced while on parole, as they were in the "custody and control of the department" within the meaning of the statute. The Second Department reversed the trial court's ruling to the contrary and did so again in a similar case out of another county. See People v. Santana, 117 AD3d 758 (2d Dept 2014). In that case, the trial court had gone to great lengths to enumerate all of the statutory references to "custody and control" which the Legislature did not amend in keeping with the DLRA, thus reasoning that only incarcerated individuals were entitled to the benefits of re-sentencing. The appellate court, however, reiterated that in statutory construction, judges are obliged to effectuate the intent of the Legislature, and statutes should be construed to give effect to the plain meaning of the words used. People v. Brown, 115 AD3d at 158. [citations omitted].In addition, the appellate court noted that the purposes of the enactment were remedial, and thus consistent with the broader reading favored by the defense: "There is no reason to adopt a more restrictive meaning of CPL 440.46 when to do so would contravene legislative intent." Id. at 161.
Here, an actual review of the legislative history of CPL §245.10 indicates that legislators intended to link the very provisions the People argue should be kept separate. In a March 31, 2019, meeting of the New York State Assembly, legislators had the following discussion:
MR. PALUMBO: And regarding the sanctions, I see here that no later than 48 hours prior to the defendant's Grand Jury testimony, all statements, written, recorded and oral statements must be made by the defendant. If there's a noncompliance situation in that regard and, as you certainly know, from arrest, not arraignment, from arrest to indictment needs to be done within 144 hours. So, for example, on a Monday you have a defendant who gets arrested midday in particularly in a place like Suffolk County, which is obviously a large county, 1.5 million people, but they don't typically have  they wouldn't necessarily have a Grand Jury on the weekend, they'd have to indict that by 5:00 on Friday. So, they'd be under a real tight window to get that discovery to them by Wednesday to get all of that information. So, of course, written statements could be provided, but if there's some sort of a surveillance tape, if that isn't provided in a timely fashion, what would the sanction be if the prosecutor still proceeded with the Grand Jury presentation in order to hold the defendant? MR. LENTOL: Well, I think that the judge could be wise in his discretion and order a hearing if that information couldn't be disclosed.
MR. PALUMBO: Okay, terrific. So, I just wanted to make sure that for those situations that there may be noncompliance, it's still a discretionary choice by the judge, they could do as little or as severe a sanction as they so choose?
MR. LENTOL: Yes.
Transcript of New York State Assembly Session Proceedings, Mar. 31, 2019, at 338-39. This conversation reveals that not only did legislators specifically anticipate a relationship between the defendant's right to testify before the grand jury and the timing of discovery, but that they intended the judge to have considerable discretion over what sanctions for belated disclosures of [*4]this nature should be imposed. Furthermore, "dismissal of some or all of the charges" is explicitly a remedy anticipated by CPL §245.80(2). Accordingly, this court will dismiss the current indictment against the defendant with leave to the People to represent the charges before another grand jury panel.[FN2]

The defendant also argues that he should be released pursuant to CPL §180.80. CPL §180.80 states:
Upon application of a defendant against whom a felony complaint has been filed with a local criminal court or the youth part of a superior court, and who, since the time of his arrest or subsequent thereto, has been held in custody pending disposition of such felony complaint, and who has been confined in such custody for a period of more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon, the court must release him on his own recognizance unless . . . An indictment or a direction to file a prosecutor's information charging an offense based upon conduct alleged in the felony complaint was filed by a grand jury . . .
In this case, the §180.80 deadline was September 19, 2024, at 5:00 PM. Although the People obtained an indictment approximately one hour before this deadline, the defense urges that reading §180.80 in conjunction with §245.10(1)(c) means the defendant should be released if, forty-eight hours or fewer before he intends to testify before the grand jury, the People still have not turned over the defendant's statements. 

Courts are divided on the issue of whether the defendant should be released in circumstances such as these. The defendant cites People v. McMillian, 71 Misc 3d 374, (Crim Ct Bx Co 2021), in which the court held that, "[a] prosecutor, by electing to race into the grand jury in an effort to secure an indictment within 144 hours of the defendant's arraignment in order to prevent the defendant's release, may not in doing so curtail the defendant's right to testify in the grand jury." On the other hand, other courts have maintained that "[t]he silence regarding interplay between article 245 and CPL 180.80 evinces the legislative intent to maintain those statutes as mutually exclusive." People v. Weston, 66 Misc 3d 785, 791 (Crim Ct Bx Co 2020). As explained above, the defense argument should not be dismissed out of hand simply because the Legislature did not cross reference every other statutory provision that might be implicated by the new discovery requirements. However, in any event, this court does not have jurisdiction to order a release under CPL §180.80 after the fact. Therefore, the defendant's motion for release under CPL §180.80 is denied. The parties may argue the merits of the present securing order in accordance with statutory provisions and principles governing superior court practice at the next court date.
This is the decision and order of the court.
E N T E R
Dated: January 29, 2025
New York, New York
April A. Newbauer
Acting Supreme Court Justice

Footnotes

Footnote 1:The defendant maintains that there were additional statements made to law enforcement on the BWC that were not recorded and not provided by the People. The People are reminded that if they intend to elicit any additional statements from any officers testifying at trial, they must turn over the statements to the defense and give notice. Furthermore, if additional statements were memorialized in the form of officers' notes, they must be turned over to the defense even if the People do not intend to elicit them at trial.

Footnote 2:The court notes that in this case, the People did not ask for an extension of their 180.80 time to present the case to the grand jury. There may be circumstances in other cases where the People are working diligently to obtain the footage but do not yet have it in their possession, which may constitute good cause for the extension.