■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GREENFIELD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered November 2, 1989, convicting him of assault in the first degree, reckless endangerment in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for

review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, without prejudice to the People to resubmit the matter to another Grand Jury, if they be so advised, and the matter is remitted to the Supreme Court, Queens County, for the purpose of a entering an order in its discretion pursuant to CPL 160.50. The facts have been considered and are determined to have been established.

The defendant's conviction stems from an incident which occurred at his former place of residence in Queens. Apparently shortly after the end of a relationship between the defendant and his paramour, the defendant returned to their former residence. He claimed that he was merely trying to retrieve some gas meters from the basement of the house, as these meters were his property. The prosecution alleged that the defendant was attempting to cause a gas explosion in the house because his paramour had fled with their child and the other residents of the house, some of whom were relatives of the paramour, refused to disclose where she had gone. When the defendant was discovered in the basement of the house, he was confronted by other residents and a fight ensued.

The defendant was arrested immediately following the incident on April 8, 1989. He was arraigned on a felony complaint on April 9, 1989. Also on April 9, 1989, the defendant served upon the People a written demand that he be permitted to testify before the Grand Jury. On April 10, 1989, the People notified the defendant that the Grand Jury would be considering his case on April 13, 1989.

On April 13, 1989, the defendant's case was in fact presented to the Grand Jury. Due to an apparent mix-up involving the New York City Department of Corrections, the defendant was not produced in time for him to participate in the Grand Jury proceedings. By the time he was produced in court, the defense counsel had departed for the day. The defendant thus never testified before the Grand Jury. On April 28, 1989, the instant indictment was filed. The defendant was arraigned upon the indictment on May 10, 1989. On that day the defendant moved to dismiss the indictment on the ground that the People had not honored his request to testify before the Grand Jury. The Supreme Court denied the defendant's motion, finding that the defendant had failed to

complain of his exclusion from the Grand Jury during the two week period between the time the matter was presented to the Grand Jury and filing of the indictment. This was error.

Pursuant to CPL 190.50 (5) (a), a defendant has the right to testify before the Grand Jury considering charges against him so long as he serves upon the prosecutor written notice requesting this relief, prior to the filing of an indictment *(see, People v Dillard,* 160 AD2d 472). It is uncontroverted that the defendant complied with this statutory requirement. Nevertheless, because the defendant had not been produced in time on the day the Grand Jury heard evidence against him, the proceedings went forward in his absence. Where such a valid request to testify is not honored, a defendant may move to dismiss the indictment, provided that his motion is made within five days of his arraignment thereon (CPL 190.50 [5] [c]). In this case the defendant served his motion to dismiss on the date he was arraigned on the indictment. Thus, his motion was timely.

When the People fail to comply with the procedures mandated by CPL 190.50 (5) the court has a ministerial duty to dismiss the indictment *(People v Mason,* 176 AD2d 356; *Matter of Borrello v Balbach,* 112 AD2d 1051). "Thus, where, as here, the defendant has [timely] notified the District Attorney of an intent to exercise the right to appear before the Grand Jury and thereafter is denied that right, the only appropriate remedy is * * * dismissal of the indictment" *(People v Mason, supra,* at 357). Accordingly, because the defendant was denied a meaningful opportunity to testify before the Grand Jury concerning the charges leveled against him *(see, People v Oquendo,* 172 AD2d 566), the indictment filed in disregard of his rights must be dismissed. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.