■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE COSTAS, Appellant. [670 NYS2d 197] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lisa, J.), rendered September 12, 1995, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury (*see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Queens County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the New York City Department of Correction pending resubmission of the case to a Grand Jury and the Grand Jury's disposition thereof. Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45

days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Queens County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

At his arraignment the defendant handed his appointed counsel a *pro se* motion to dismiss the indictment, pursuant to CPL 190.50 (5) (c), on the ground that he had been denied his right to testify before the Grand Jury. The motion alleged, *inter alia*, that the People had been served with written notice of the defendant's intention to testify before the Grand Jury, and that he was not produced in court until after the People had already obtained an indictment. The defense attorney handed the motion to the court which then remarked, "I will put in the file [and] [i]t will be referred to the trial part where whatever proceedings must be conducted will be conducted". The motion was also served upon the People at that time.

The defendant's attorney thereafter filed an omnibus motion which did not include the CPL 190.50 ground or otherwise make reference to the defendant's *pro se* motion. The People did not respond to the *pro se* motion, and the trial court never decided it or gave any explanation as to why it did not rule upon the motion.

"A motion [made pursuant to CPL 190.50] whether made by counsel or a *pro se* defendant, mandates a ruling or else the court must clearly state its reasons for refusing to decide the motion" (*People v Renaud,* 145 AD2d 367, 370). The motion may not be discounted simply because it is filed directly by the defendant at a time when he is represented by counsel (*see, People v Renaud, supra*). In addition, a motion to dismiss an indictment that has been obtained in violation of the provisions of CPL 190.50 (5) (a) must be granted upon a timely motion to dismiss pursuant to CPL 190.50 (5) (c) (*see, People v Evans,* 79 NY2d 407; *People v Greenfield,* 178 AD2d 653).

With respect to the merits of the motion, the record does not support the People's contention that the defendant abandoned or otherwise waived this claim. In addition, there is no dispute that the People had been timely served with written notice of the defendant's intention to testify before the Grand Jury, or that the defendant was not produced before the indictment was voted. Under these circumstances, the defendant is entitled to have the conviction against him vacated and the indictment dismissed without prejudice to the People to represent.

In light of this determination, we deem it unnecessary to

reach the defendant's remaining contentions. Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.