■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAMAH HUNT, Appellant. [716 NYS2d 264] —Judgment unanimously reversed on the law, plea vacated, indictment dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury and matter remitted to Oneida County Court for proceedings pursuant to CPL 470.45. Memorandum: Defendant appeals from a judgment of County Court convicting him upon a plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]). Defendant moved to suppress the identification testimony of two witnesses on the ground that the showup identification procedure was unduly suggestive. The court properly denied the motion. The showup was conducted approximately one-half hour after the crime and de-

fendant was transported only a short distance from the point where he was taken into custody (*see, People v Tobias*, 273 AD2d 925; *People v Boyd,* 272 AD2d 898, 899; *People v Lockwood*, 270 AD2d 848, *lv denied* 94 NY2d 949). The fact that the victim and a witness observed defendant being removed from a police vehicle and in handcuffs before identifying him "presses judicial tolerance to its limits" (*People v Duuvon*, 77 NY2d 541, 545), but does not as a matter of law render the showup unduly suggestive (*see, People v Boyd, supra*). Further, "[t]he procedure in this case was not rendered unduly suggestive by any words or actions of the police" (*People v Jackson*, 180 AD2d 756, 757, *lv denied* 80 NY2d 832).

We agree with defendant, however, that the indictment must be dismissed because he was denied effective assistance of counsel in facilitating his request to testify before the Grand Jury. His request to testify was made to an investigator for the Public Defender's Office eight days before defendant was indicted. Twelve days after indictment, the Assistant Public Defender initially assigned to represent defendant moved to dismiss the indictment on the ground that defendant was denied his right to testify before the Grand Jury based on the People's failure to notify defense counsel of the date of the Grand Jury proceeding. The Public Defender appeared and submitted on the motion, which was summarily denied on the grounds that defendant had not made a written request to appear and the People had no obligation to notify defendant because he was being held after a preliminary hearing (*see,* CPL 190.50 [5] [a]). Defendant also made a *pro se* motion to dismiss the indictment and stated that he had asked the Public Defender's Office to make a motion so that he could testify before the Grand Jury. He also asked for "an attorney that is going to represent me." The court ruled that, absent a written request from the Public Defender's Office asking to be relieved of its assignment, its representation would continue.

In May 1997 the Assistant Public Defender initially assigned to the case wrote to the court asking it to relieve the Public Defender's Office of the assignment and appoint outside counsel. He informed the court for the first time that, eight days before defendant was indicted, defendant had informed an investigator from the Public Defender's Office that he wanted to testify before the Grand Jury, but that investigator did not inform the attorney of defendant's request. The attorney further wrote that defendant had filed a grievance against the Public Defender's Office claiming ineffective assistance of counsel and that the Grievance Committee failed to

find any violation of the Lawyer's Code of Professional Responsibility. The attorney acknowledged that defendant had made a timely request to the investigator to testify before the Grand Jury that had not been communicated to the attorney. The court denied the request to relieve the Public Defender's Office of the assignment, and thereafter defendant was represented by a different attorney in the Public Defender's Office.

After defendant's suppression motion was denied, defendant pleaded guilty before a different County Court Judge. Before sentencing, he moved to vacate his plea on the grounds that he was not permitted to testify before the Grand Jury and was denied effective assistance of counsel.

Generally, by pleading guilty a defendant forfeits the right to challenge an indictment as having been obtained in violation of his right to testify before a Grand Jury (*see, People v Glaudel,* 235 AD2d 492, 492-493, *lv denied* 89 NY2d 1035). Where, however, a defendant was deprived of his right to assistance of counsel at the Grand Jury proceeding, the forfeiture rule does not apply (*see, People v Stevens,* 151 AD2d 704, 705; *see also, People v Jiminez,* 180 AD2d 757, 757-758; *People v Johnston,* 178 AD2d 550; *People v Lincoln,* 80 AD2d 877).

We note that a plea, "entered on advice of competent counsel, constitutes a forfeiture of a claim of prior ineffective assistance of counsel on the part of a former attorney where the full measure of the asserted derelictions of the first attorney were known to the second attorney who nonetheless counseled acceptance of the plea" (*People v Petgen,* 55 NY2d 529, 532, *rearg denied* 57 NY2d 674; *People v Ireland,* 274 AD2d 743). Under the circumstances, however, we cannot say that the plea counseled by another member of the Public Defender's Office was free from the taint of that Office's failure to communicate defendant's desire to testify before the Grand Jury to the District Attorney. Thus, we reverse the judgment, vacate the plea, dismiss the indictment without prejudice to the People to re-present any appropriate charges to another Grand Jury and remit the matter to Oneida County Court for proceedings pursuant to CPL 470.45. (Appeal from Judgment of Oneida County Court, Brandt, J.—Robbery, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.