■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN AFFOON, Appellant. [820 NYS2d 897]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered November 19, 2004, convicting him of kidnapping in the second degree (two counts), robbery in the second degree (two counts), and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that

branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. The showup identification procedure, which was conducted in close spatial and temporal proximity to the commission of the crime, served to secure a prompt and reliable identification of the defendant (*see People v Nieves,* 26 AD3d 519, 520 [2006]; *People v Hunt,* 277 AD2d 911, 912 [2000]). The defendant's contention that the showup identification was unduly suggestive is without merit (*see People v Duuvon,* 77 NY2d 541, 544 [1991]; *People v Loo,* 14 AD3d 716 [2005]).

The defendant contends that the court erred in denying his motion for a missing-witness charge. However, the court properly denied his motion concerning four of the five missing witnesses. Concerning the fifth witness, the court's failure to provide a missing-witness charge was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Fields,* 76 NY2d 761 [1990]; *People v Morgan,* 228 AD2d 704, 705 [1996]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.