■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOTION ELLISON, Appellant. [988 NYS2d 691]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered February 21, 2012, convicting him of sexual abuse in the first degree, luring a child, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury (*see People v Beslanovics*, 57 NY2d 726 [1982]); and it is further,

Ordered that pursuant to CPL 470.45, the matter is remitted to the Supreme Court, Kings County, and that court shall cause the defendant to be brought before it forthwith, at which time that court shall issue a securing order in accordance with the provisions of CPL 210.45 (9).

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The indictment must nonetheless be dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury. Under the particular circumstances of this case, the Supreme Court should have granted the defendant's timely motion to dismiss the indictment on the ground that he was deprived of his right pursuant to CPL 190.50 to testify before the grand jury prior to its vote on the indictment (*see* CPL 190.50 [5]; *People v Evans*, 79 NY2d 407 [1992]; *People v Costas*, 248 AD2d 482, 483 [1998]).

CPL 190.50 (5) provides that a defendant has a right to appear and testify before a grand jury if he or she serves written notice of his or her intent to do so upon the District Attorney before an indictment is filed. "[T]he opportunity to testify prior to any Grand Jury vote is qualitatively different from and more advantageous than the opportunity to testify . . . after the Grand Jury ha[s] committed itself to a vote based on the prosecution's ex parte presentment of evidence" (*People v Evans*, 79 NY2d at 414 [internal quotation marks omitted]; *see People v Bey-Allah*, 132 AD2d 76, 78-79 [1987]). Thus, a defendant who provides timely notice "prior to the prosecution's pre-

sentment of evidence and prior to the Grand Jury vote on an indictment [is] entitled to testify before the vote" (*People v Evans*, 79 NY2d at 413; *see People v Lyons*, 40 AD3d 1121, 1122 [2007]; *People v Duran*, 266 AD2d 230, 231 [1999]).

Where, as here, the defendant has been arraigned upon an undisposed felony complaint, the People must notify the defendant of the grand jury proceeding and accord him or her a reasonable time to appear (*see* CPL 190.50 [5] [a]; *People v Smith*, 87 NY2d 715, 720 [1996]; *People v Evans*, 79 NY2d at 412-413). Here, the People's notice pursuant to CPL 190.50 indicated that the defendant was "scheduled to testify" before the grand jury on June 8, 2010, and that his testimony was required to have been given before 5:00 p.m. on that date. The record reveals that the defendant provided the People with written notice of his intent to testify before the grand jury pursuant to CPL 190.50, at the latest, by 3:37 p.m. on June 7, 2010. Thus, the defendant provided the People with the requisite notice more than 24 hours in advance of his proposed appearance. Under these circumstances, the defendant was entitled to testify prior to the grand jury's vote.

Notwithstanding the defendant's timely notice and the People's representation that he was "scheduled to testify" on June 8, 2010, the People presented the case to the grand jury and submitted it for a vote on the afternoon of June 7, 2010. Notably, nothing in the record demonstrates that the defendant knew or had reason to know that the People were planning to present the case, and submit it for a vote on June 7, 2010, rather than June 8, 2010. Under these circumstances, the defendant was deprived of his right to appear and testify prior to the grand jury's vote, in violation of his statutory right to do so (*see* CPL 190.50 [5]; *People v Evans*, 79 NY2d at 409-415; *People v Costas*, 248 AD2d at 483), and dismissal of the indictment is required by CPL 190.50 (5) (*see People v Smith*, 87 NY2d at 720; *People v Costas*, 248 AD2d at 483).

In light of our determination, we need not reach the defendant's remaining contention. Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.