*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                    103804
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

SWAIN CHAPPELLE,
                    Appellant.
_____

Calendar Date:   September 2, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Devine, JJ.

_____

        George P. Ferro, Albany, for appellant.

        Bridget Rahilly Steller, Special Prosecutor, Poughkeepsie,
for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Ulster County
(Czajka, J.), rendered October 1, 2010, convicting defendant upon
his plea of guilty of the crimes of criminal sale of a controlled
substance in the third degree and criminal possession of a
controlled substance in the third degree.

        Defendant pleaded guilty to criminal sale of a controlled
substance in the third degree and criminal possession of a
controlled substance in the third degree and waived his right to
appeal.  County Court sentenced defendant to 3½ years in prison
followed by three years of postrelease supervision.  Defendant
now appeals.

Following his arrest, defendant was arraigned in City Court without an attorney and remanded to jail. The next day, while still unrepresented by counsel, defendant was given written notice that the grand jury presentment was scheduled for that day and that defendant should notify the District Attorney's office "as soon as possible" if he wanted to appear before the grand jury. Defendant was indicted within hours on the felony charges and, three days later, he was assigned counsel during his arraignment by County Court. More than nine months later and following numerous court appearances, defendant moved to dismiss the indictment for failure to provide proper written notice of the right to appear before and provide evidence to the grand jury pursuant to CPL 190.50 (5) (a), which motion was denied as untimely. Defendant now asserts that, because he was denied his constitutional right to counsel at the time of his arraignment by City Court and during grand jury proceedings, his guilty plea must be vacated and the indictment dismissed.

The People maintain that defendant's waiver of appeal precludes our consideration of defendant's claim that his right to counsel was violated. A trial court must ensure that a defendant's waiver of the right to appeal is knowing, intelligent and voluntary (see People v Sylvan, 107 AD3d 1044, 1045 [2013], lv denied 22 NY3d 1141 [2014]; People v Riddick, 40 AD3d 1259, 1259-1260 [2007], lv denied 9 NY3d 925 [2007]). After the People informed County Court that defendant agreed to waive his right to appeal, the court asked defendant whether that contention was accurate, to which defendant replied affirmatively. Thereafter, the court questioned defendant about his understanding of the terms of the plea bargain, but failed to confirm that he fully understood that his waiver of appeal was not automatic and that it was, in fact, "separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Ladieu, 105 AD3d 1265, 1265 [2013], lv denied 21 NY3d 1017 [2013]). Defendant signed a written waiver of appeal outside of court and County Court made no inquiry about "the circumstances surrounding the document's execution" or confirm that defendant had been fully advised by counsel of the document's significance (People v Callahan, 80 NY2d 273, 283 [1992]; see People v Bradshaw, 18 NY3d at 265). As such, the

appeal waiver was invalid (see People v Burgette, 118 AD3d 1034, 1035 [2014]).

On the merits of defendant's appeal, a criminal defendant's right to receive the assistance of counsel attaches at arraignment "and entails the presence of counsel at each subsequent critical stage of the proceedings" (Hurrell-Harring v State of New York, 15 NY3d 8, 20 [2010] [internal quotation marks and citation omitted]; see People v Hilliard, 73 NY2d 584, 586 [1989]). Further, whether an accused individual facing felony charges should elect to appear before and present evidence to the grand jury or, as equally relevant here, object to the timeliness or reasonableness of the notice of grand jury proceedings, raises questions necessitating consultation with legal counsel (see Hurrell-Harring v State of New York, 15 NY3d at 21; see also People v Chapman, 69 NY2d 497, 500 [1987]; People v Settles, 46 NY2d 154, 164 [1978]; Matter of Trudeau v Cantwell, 31 AD3d 844, 846 [2006]). The People correctly observe that, by pleading guilty, defendant forfeited his claim that he was denied the statutory right to testify before the grand jury (see People v Straight, 106 AD3d 1190, 1191 [2013]; People v Dennis, 223 AD2d 814, 815 [1996], lv denied 87 NY2d 972 [1996]; People v Lasher, 199 AD2d 595, 595 [1993], lv denied 83 NY2d 855 [1994]) or, as defendant now argues on appeal, that he was denied the effective assistance of counsel where, as here, such assertion does not relate to the voluntariness of the plea or the integrity of the plea bargaining process (see People v Mercer, 81 AD3d 1159, 1160 [2011], lv denied 19 NY3d 999 [2012]; People v Heier, 73 AD3d 1392, 1393 [2010], lv denied 15 NY3d 805 [2010]). Here, however, it is uncontroverted that defendant was denied the right to counsel prior to and during the grand jury proceedings, a critical stage of the instant criminal prosecution and, therefore, the forfeiture rule should not be applied (see People v Hunt, 277 AD2d 911, 913 [2000]; People v Stevens, 151 AD2d 704, 705 [1989]). Further, we observe that, while defendant's motion to dismiss the indictment was based solely on the denial of his right pursuant to CPL 190.50 (5) (a) to testify before the grand jury, the "claimed deprivation of the [s]tate constitutional right to counsel may be raised on appeal, notwithstanding that the issue was not preserved" before County Court (People v Kinchen, 60 NY2d 772, 773 [1983]). Inasmuch as defendant was not

afforded an opportunity to consult with counsel "and make an informed decision as to whether to appear before the [g]rand [j]ury" (People v Sawyer, 274 AD2d 603, 606 [2000], affd 96 NY2d 815 [2001]; see People v Fields, 258 AD2d 593, 594 [1999]; People v Stevens, 151 AD2d at 705; People v Lincoln, 80 AD2d 877, 877 [1981]; compare People v Gainer, 73 AD3d 1385, 1386 [2010]), the resulting deprivation of defendant's constitutional right to counsel requires the dismissal of the indictment (see People v Hunt, 277 AD2d at 913; People v Stevens, 151 AD2d at 704).

Lahtinen, J.P., Stein, McCarthy and Rose, JJ., concur.


ORDERED that the judgment is reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury.


ENTER:

Robert D. Mayberger
Clerk of the Court