People v Jordan (2022 NY Slip Op 02018)





People v Jordan


2022 NY Slip Op 02018


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-06821
 (Ind. No. 2198/18)

[*1]The People of the State of New York, appellant,
v
Terell Jordan, respondent.


Melinda Katz, District Attorney, Kew Gardens, NY (Robert J. Masters, John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, Edward D. Saslaw, and Sharon Brodt of counsel), for appellant.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Toko Serita, J.), dated April 25, 2019. The order, upon renewal, granted that branch of the defendant's prior motion which was pursuant to CPL 190.50(5) to dismiss the indictment and dismissed the indictment, with leave to re-present the matter to the grand jury.
ORDERED that the order is affirmed.
On February 22, 2018, while being arraigned on a felony complaint giving rise to the indictment at issue, the defendant was served by the People with notice pursuant to CPL 190.50 informing him of his right to testify before the grand jury. The defendant served a cross-notice of his intent to testify. On October 1, 2018, evidence was presented to the grand jury, but the defendant failed to appear. The grand jury voted on the indictment and returned a bill against the defendant on various charges.
The defendant thereafter moved, inter alia, to dismiss the indictment as obtained in violation of CPL 190.50(5)(a). The Supreme Court denied that branch of his motion. Subsequently, the defendant moved, inter alia, for leave to renew that branch of his prior motion which was pursuant to CPL 190.50(5) to dismiss the indictment. Upon renewal, the court granted that branch of the defendant's prior motion which was to dismiss the indictment, and dismissed the indictment, with leave to re-present the matter to the grand jury. The People appeal.
CPL 190.50(5) provides that a defendant has a right to appear and testify before a grand jury if he or she serves written notice of his or her intent to do so upon the District Attorney before an indictment is filed. "[T]he opportunity to testify prior to any [g]rand [j]ury vote is qualitatively different from and more advantageous than the opportunity to testify . . . after the [g]rand [j]ury ha[s] committed itself to a vote based on the prosecution's ex parte presentment of evidence" (People v Evans, 79 NY2d 407, 414 [internal quotation marks omitted]; see People v Ellison, 119 AD3d 602, 603). Thus, a defendant who provides timely notice "prior to the prosecution's presentment of evidence and prior to the [g]rand [j]ury vote on an indictment [is] entitled to testify before the vote" (People v Evans, 79 NY2d at 413).
Where, as here, the defendant has been arraigned upon an undisposed felony complaint, the People "must notify the defendant or his attorney of the prospective or pending grand [*2]jury proceeding and accord the defendant a reasonable time to exercise his [or her] right to appear as a witness therein" (CPL 190.50[5][a]; see People v Smith, 87 NY2d 715, 720). Such notice "must be reasonably calculated to apprise the defendant of the [g]rand [j]ury proceeding [and] permit him [or her] to exercise his [or her] right to testify" (People v Wise, 236 AD2d 739, 740-741 [internal quotation marks omitted]).
Under the particular circumstances of this case, upon renewal, the Supreme Court properly granted that branch of the defendant's prior motion which was to dismiss the indictment, and dismissed the indictment, with leave to re-present the matter to the grand jury (see People v Ellison, 119 AD3d at 603; People v Ruffino, 72 AD3d 1353, 1355). The People's purported notification consisted of calling an attorney, whom the People knew refused representation of the defendant (see People v Ruffino, 72 AD3d at 1355). Further, the People dispatched a detective to an address in Valley Stream, and the detective left a copy of the CPL 190.50 notice in the "door jam" of that residence. In an affidavit in support of his motion for leave to renew, the defendant averred that he did not reside thereat and was never notified of the grand jury proceeding to permit him to exercise his right to testify.
In addition, it appears that, during certain relevant periods of time preceding the grand jury presentation, the defendant was not represented by counsel and thus, did not have an opportunity to adequately confer with counsel and make an informed decision as to whether to appear before the grand jury (see People v Chappelle, 121 AD3d 1166, 1168; cf. People v Sawyer, 274 AD2d 603, 606, affd 96 NY2d 815, 816-817).
The People's remaining contentions are without merit.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court