People v Cowan (2022 NY Slip Op 04583)

People v Cowan

2022 NY Slip Op 04583

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

111183
[*1]The People of the State of New York, Respondent,
v
Christopher Cowan, Appellant.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Tina Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin LaValley of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered February 5, 2018, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
At approximately 3:10 p.m. on June 4, 2017, defendant drew a pistol and shot the victim in the shoulder in the City of Cohoes, Albany County. Approximately three hours later, officers on patrol observed defendant sitting on a stoop in the City of Troy, Rensselaer County, recognized him from a description of the shooter and approached him. Defendant confirmed his identity, admitted that he still had the pistol and was placed under arrest, after which he was taken back to Cohoes and, following the administration of Miranda warnings, interviewed by investigators. He was subsequently charged in a five-count indictment with various offenses related to the shooting and his possession of the pistol.
Defendant filed an omnibus motion seeking, among other things, suppression of tangible personal property recovered following what he contended was an unlawful arrest. County Court denied that part of the motion without a hearing, determining that defendant had failed to make sworn allegations warranting one in his motion papers. County Court did conduct a Huntley hearing to assess his separate request for suppression of his statements to the arresting officer and investigators and, at the conclusion of that hearing, determined that those statements were voluntary and admissible at trial.
Defendant thereafter pleaded guilty to attempted assault in the first degree and purportedly waived his right to appeal in satisfaction of the indictment. The plea agreement provided that defendant would be sentenced to a determinate prison term of between 9 and 12 years and five years of postrelease supervision. County Court sentenced defendant to nine years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
As we agree with defendant and the People that defendant's appeal waiver is invalid, his remaining arguments are not precluded by it (see People v Davis, 199 AD3d 1123, 1124-1125 [2021], lv denied 37 NY3d 1160 [2022]; People v Alexander, 194 AD3d 1261, 1262 [2021], lv denied 37 NY3d 1094 [2021]; People v Nichols, 194 AD3d 1114, 1116 [2021], lv denied 37 NY3d 973 [2021]). Turning first to defendant's contention that the portion of his omnibus motion seeking suppression of tangible personal property was erroneously denied, "a court may summarily deny a suppression motion, without a hearing, if '[t]he sworn allegations of fact do not as a matter of law support the ground alleged'" (People v Gadsden, 273 AD2d 701, 701 [2000], lv denied 95 NY2d 934 [2000], quoting CPL 710.60 [3] [b]; see CPL 710.60 [1]; People v Mendoza, 82 NY2d 415, 421 [1993]; People v Abreu, 195 AD3d 1152, 1157 [2021], lvs denied 37 NY3d 1144 [2021]). Defendant's motion papers only contained the conclusory assertions of defense counsel regarding "defendant's [*2]lawful behavior and . . . the absence of any justification for the police to stop . . . and arrest" him, and he then failed to respond to the factual allegations in the People's answering papers regarding the propriety of both the arrest and the ensuing recovery of items in his possession (People v Davis, 142 AD3d 1387, 1388 [2016], lv denied 28 NY3d 1144 [2017]; see People v Mendoza, 82 NY2d at 431-433; People v Jenkins, 64 AD3d 993, 994 [2009]). As such, County Court properly denied that aspect of the motion without a hearing.
Finally, defendant received the minimum prison term contemplated by the plea agreement, and we reject his contention that the sentence was unduly harsh or severe (see People v Simpson, 196 AD3d 996, 999 [2021], lv denied 37 NY3d 1029 [2021]; People v Rawlinson, 170 AD3d 1425, 1430 [2019], lv denied 33 NY3d 1107 [2019]).
Clark, Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.