People v Salahuddin (2022 NY Slip Op 07262)

People v Salahuddin

2022 NY Slip Op 07262

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

110100B
[*1]The People of the State of New York, Respondent,
v
Naseyf Salahuddin, Also Known as Seef, Appellant.

Calendar Date:November 21, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Craig Meyerson, Peru, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered April 28, 2017, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
In 2016, defendant was charged in a five-count indictment with murder in the second degree and four counts of criminal possesion of a weapon in the second degree, stemming from allegations that defendant shot and killed the victim and that, at the time of his arrest, defendant was in possession of three separate firearms. Defendant subsequently filed an omnibus motion, seeking, among other things, suppression of statements made to police, identification testimony and tangible physical evidence or, in the alternative, that a pretrial hearing be scheduled. County Court (Sypniewski, J.) denied defendant's motion to suppress physical evidence and granted a combined Huntley/Wade/Rodriguez hearing. Following the hearing, Supreme Court (Coccoma, J.) denied defendant's motion to suppress his statements and the pretrial identification testimony. Thereafter, in satisfaction of the charges against him, defendant pleaded guilty to murder in the second degree and purported to waive his right to appeal both orally and in writing. County Court subsequently sentenced defendant, pursuant to the plea agreement, to an indeterminate prison term of 20 years to life. Defendant appeals.
Defendant initially contends that his waiver of the right to appeal is invalid. We agree. "A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Bowman, 194 AD3d 1123, 1124 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 963 [2021]; see People v Downs, 194 AD3d 1118, 1118 [3d Dept 2021], lv denied 37 NY3d 971 [2021]). "A trial court must review the waiver and determine whether it meets those requirements by considering all the relevant facts and circumstances surrounding the waiver" (People v Winters, 196 AD3d 847, 848 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 1030 [2021]). The record confirms that the written appeal waiver was overbroad in that it advised defendant that he was waving "all matters relating to the conviction and sentence to the fullest extent that they may lawfully be waived" and that he was also waiving his right to appeal "any [c]ourt opinions, decisions and suppression hearing and other rulings that have been made in connection with [his] case(s)." Additionally, the written waiver informed defendant that he was waiving his right to appeal "from any other matters . . . in any [s]tate or [f]ederal [c]ourt." County Court's oral explanation as to the scope of the waiver did not overcome these deficiencies by ensuring that defendant understood that some appellate and collateral review survives an appeal waiver (see People v Mclean, 207 AD3d 961, 961 [3d Dept 2022], lv denied 38 NY3d [*2]1152 [2022]; People v O'Brien, 207 AD3d 955, 956 [3d Dept 2022]). Therefore, we find that defendant did not knowingly, intelligently and voluntarily waive his right to appeal and defendant's challenges to his suppression rulings are properly before us (see People v Butler, 196 AD3d 28, 30 [3d Dept 2021]; People v Henry, 133 AD3d 1085, 1086 [3d Dept 2015]).
We reject defendant's contention that the portion of his omnibus motion seeking suppression of tangible personal property was erroneously denied. CPL 710.60 requires that a motion to suppress physical evidence must set forth the grounds for the motion and must contain sworn allegations of fact. "[A] court may summarily deny a suppression motion, without a hearing, if the sworn allegations of fact do not as a matter of law support the ground alleged" (People v Cowan, 207 AD3d 874, 875 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 38 NY3d 1149 [2022]). Here, defendant's motion consisted solely of conclusory assertions of defense counsel, based upon information and belief, that did not provide any factual allegations to support the motion. Moreover, defendant did not file a renewal motion after the People opposed the motion. Accordingly, County Court properly denied that aspect of the motion without a hearing (see People v Ibarguen, 37 NY3d 1107, 1108 [2021], cert denied ___ US ___, 142 S Ct 2650 [2022]; People v Abreu, 195 AD3d 1152, 1157 [3d Dept 2021], lv denied 37 NY3d 1144 [2021]; People v Brinkley, 174 AD3d 1159, 1163 [3d Dept 2019], lv denied 34 NY3d 979 [2019]).
Defendant also contends that Supreme Court erred in failing to suppress pretrial identification of defendant from two photo arrays. We disagree. "Although the People bear the burden of establishing the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure, it is the defendant who bears the ultimate burden of proving that the procedure was unduly suggestive" (People v Hawkins, 167 AD3d 1071, 1072 [3d Dept 2018] [internal quotation marks and citations omitted]).
At the Wade hearing, a detective sergeant with the Schenectady Police Department testified that he conducted two photo arrays with two different witnesses on February 4, 2016 and February 15, 2016. The detective sergeant stated that he had conducted hundreds of arrays, in the same manner each time, and then detailed this procedure. The detective sergeant further testified that each witness reviewed the array and, within two or three seconds, identified defendant. He further testified that he did not know defendant's name prior to the array, he did not give any hints, suggestions or tell the witnesses who to pick, nor did he threaten or coerce the witnesses. Finally, he told of how, prior to the second photo array, the same six photographs were utilized but the order of the photos was changed, in order to prevent one witness from telling the other which number to pick. In [*3]view of the foregoing, we find that the People satisfied the burden of demonstrating that the police conduct was reasonable, that the pretrial identification procedure was not unduly suggestive and that defendant did not establish that the procedure was unduly suggestive (see People v Hawkins, 167 AD3d at 1072; People v Pleasant, 149 AD3d 1257, 1257 [3d Dept 2017], lv denied 30 NY3d 1022 [2017]). Accordingly, we discern no basis to disturb Supreme Court's denial of defendant's pretrial suppression motion of the photo identification of defendant (see People v Serrano, 173 AD3d 1484, 1487 [3d Dept 2019], lv denied 34 NY3d 937 [2019]; People v Quintana, 159 AD3d 1122, 1127 [3d Dept 2018], lv denied 31 NY3d 1086 [2018]).
Defendant next contends that County Court erred in denying his counsel's request to withdraw from representation at sentencing and that defense counsel undermined his pro se motion to withdraw his guilty plea by taking a position adverse to his interest. We disagree. "In general, whether counsel is substituted is within the discretion and responsibility of the trial judge. The trial court has a duty to consider a motion to withdraw where there is a seemingly serious request — that is — one based on specific factual allegations of serious complaints" (People v Matthews, 159 AD3d 1111, 1116 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]; see People v Puccini, 145 AD3d 1107, 1109 [3d Dept 2016], lv denied 29 NY3d 1035 [2017]). Counsel's request to be relieved was based on conclusory allegations that he and defendant had reached irreconcilable differences and that continued representation would be inconsistent with his ethical obligations. As defense counsel failed to support his request with any specific factual allegations of serious complaints, he failed to demonstrate good cause for such substitution. Accordingly, we discern no abuse of discretion in the court's inquiry (see People v LaPierre, 195 AD3d 1301, 1304 [3d Dept 2021]; People v Saunders, 176 AD3d 1384, 1389[3d Dept 2019], lv denied 35 NY3d 973 [2020]). Moreover, defense counsel had no obligation to join defendant's request to withdraw his guilty plea and counsel's nonjoinder did not require assignment of substitute counsel (see People v Blanford, 179 AD3d 1388, 1392 [3d Dept 2020], lv denied 35 NY3d 968 [2020]; People v Arnold, 102 AD3d 1061, 1062 [3d Dept 2013]). As counsel did not take a position adverse to his client, affirmatively undermine defendant's motion or become a witness against his client, County Court did not err in denying defendant's motion to vacate his guilty plea (cf. People v Faulkner, 168 AD3d 1317, 1319 [3d Dept 2019]).
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.