People v Goodwin (2025 NY Slip Op 02971)

People v Goodwin

2025 NY Slip Op 02971

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

CR-23-1962
[*1]The People of the State of New York, Respondent,
v
Sean L. Goodwin, Also Known as Casino and C, Appellant.

Calendar Date:March 28, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Craig Meyerson, Peru, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Schenectady County (Richard Meyer, J.), rendered July 21, 2023, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
On February 8, 2021, defendant was arraigned on multiple felony charges following an incident of domestic violence. Later that day, the People provided defendant with the requisite notice of the grand jury proceedings pursuant to CPL 190.50, and defendant, by the Schenectady County Public Defender's office, in turn served a cross-notice indicating his intention to testify. The People confirmed receipt of defendant's cross-notice and advised that grand jury proceedings were scheduled for 9:30 a.m. on February 11, 2021. The Public Defender's office responded informing the People that they had a conflict in the matter and would forward the file to the Conflict Defender's office. The People then forwarded the confirmation and notice of the date and time of the grand jury proceedings to the Conflict Defender's office. However, when grand jury proceedings commenced on February 11, 2021, defendant did not appear to testify. That afternoon, an appearance was held before Schenectady City Court (Falotico, J.), during which the People notified defendant that the grand jury proceedings had occurred.[FN1] During this appearance, it was also indicated that another charge was pending against defendant which had not been presented to the grand jury, requiring the court to adjourn for appearance on that matter. This charge was presented to the grand jury on March 2, 2021, again without defendant being present to testify.
As a result of these two grand jury presentments, defendant was charged by indictment with criminal possession of a weapon in the second degree, sexual abuse in the first degree, assault in the third degree, offering a false instrument for filing in the first degree and two counts of criminal contempt in the second degree. Defendant subsequently moved to dismiss the indictment arguing, among other things, that he was deprived of his statutory right to testify before the grand jury, as well as his constitutionally protected right to counsel during the grand jury proceedings. Noting that neither the Public Defender's office nor the Conflict Defender's office attempted to secure defendant's appearance at the grand jury proceedings, County Court (Sypniewski, J.) denied defendant's motion finding that this failure, in and of itself, did not result in ineffective assistance of counsel. Defendant then renewed this motion multiple times, which were similarly denied. Following these unsuccessful motions — as well as other unsuccessful motions, multiple substitutions of counsel and lengthy negotiations — defendant pleaded guilty to the single count of criminal possession of a weapon in the second degree (see Penal Law § 265.03 [3]) in satisfaction of the entire indictment and, as a condition of this negotiated plea, executed a written and [*2]oral waiver of his right to appeal. The court (Meyer, J.) sentenced defendant, consistent with the terms of the plea agreement, to a prison term of seven years, to be followed by five years of postrelease supervision. Defendant appeals.
To the extent defendant takes issue with the denial of his motion to dismiss the indictment based upon the deprivation of his statutory right to testify before the grand jury, this claim is not only precluded by his unchallenged waiver of the right to appeal (see People v Trapani, 162 AD3d 1121, 1122 [3d Dept 2018]; People v Lawrence, 135 AD3d 1187, 1188 [3d Dept 2016], lv denied 27 NY3d 1001 [2016]) but, also, forfeited by his guilty plea (see People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], lv denied 39 NY3d 942 [2022]; People v Broomfield, 128 AD3d 1271, 1272-1273 [3d Dept 2015], lv denied 26 NY3d 1086 [2015]).[FN2]
Defendant primarily argues that he was deprived of his right to counsel at the time of the grand jury proceedings because, although both the Public Defender's office and the Conflict Defender's office had made appearances on his behalf, he was essentially unrepresented. It is uncontroverted that the Public Defender's office was assigned to represent defendant and, at the time of the grand jury proceedings, had not requested permission from County Court to be relieved of representation — despite informing the People of a potential conflict and purportedly sending defendant's file to the Conflict Defender's office. Defendant, therefore, continued to be represented by the Public Defender's office until such request was made (see generally People v Salahuddin, 211 AD3d 1323, 1326 [3d Dept 2022], lv denied 39 NY3d 1113 [2023]). Although he couches his argument to this Court as an outright deprivation of counsel, defendant was represented (compare People v Jordan, 203 AD3d 1072, 1073 [2d Dept 2022]; People v Trapani, 162 AD3d at 1122-1123; People v Smith, 143 AD3d 31, 35 [1st Dept 2016], affd 30 NY3d 626 [2017]; People v Chappell, 121 AD3d 1166, 1168 [3d Dept 2014], lv denied 24 NY3d 1118 [2015]).
In sum, defendant alleges no more than ineffective assistance of counsel based upon the failure to facilitate his attendance at the grand jury proceedings (see generally People v Williams, 235 AD3d 1245, 1246 [4th Dept 2025]; People v Graham, 185 AD3d 1221, 1223-1224 [3d Dept 2020], lv denied 36 NY3d 929 [2020]) — a claim that, except insofar as it implicates the voluntariness of his plea, is precluded by his unchallenged waiver of the right to appeal (see People v Townson, 235 AD3d 1046, 1047-1048 [3d Dept 2025]; People v Sutton, 221 AD3d 1185, 1186 [3d Dept 2023], lv denied 41 NY3d 967 [2024]; People v Halsey, 108 AD3d 1123, 1124 [4th Dept 2013]; cf. People v Bauza, 224 AD3d 1219, 1220 [4th Dept 2024], lv denied 42 NY3d 925 [2024]). Defendant, however, failed to preserve any challenge to the voluntariness of his plea, as the record does not reflect that he made an appropriate postallocution motion (see People [*3]v Willetts, 234 AD3d 1020, 1020 [3d Dept 2025]; People v Graham, 230 AD3d 1476, 1477 [3d Dept 2024]) and the narrow exception to the preservation requirement is not implicated (see People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], lv denied 39 NY3d 942 [2022]). In light of this, we need not consider whether a valid or, as here, unchallenged waiver of the right to appeal precludes a defendant's deprivation of counsel claim (compare People v Trapani, 162 AD3d at 1122, with People v Richardson, 173 AD3d 1859, 1860 [4th Dept 2019], lv denied 34 NY3d 953 [2019]).
Aarons, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: During this appearance, City Court indicated that it had been informed earlier that day that the file was transferred from the Public Defender's office and, as a result, the Conflict Defender was called to appear on defendant's behalf. The Conflict Defender noted on the record that she did not believe the office had defendant's file and, moreover, suspected they too had a conflict but that she would stand in for purposes of the appearance.

Footnote 2: Inasmuch as defendant alleges that the People failed to secure his attendance, the People are required to provide reasonable notice of the grand jury proceedings (see CPL 190.50 [5]; People v Small, 26 NY3d 253, 259 [2015]; People v Kendricks, 226 AD3d 1150, 1153 [3d Dept 2024], lv denied 41 NY3d 1003 [2024]). This does not extend to an affirmative duty to secure defendant's attendance (see generally People v Cates, 238 AD2d 140, 140 [1st Dept 1997], lv denied 89 NY2d 1090 [1997]).