**Troche v New York City Tr. Auth.**

2025 NY Slip Op 31898(U)

May 29, 2025

Supreme Court, New York County

Docket Number: Index No. 156731/2024

Judge: Anar Rathod Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

LUIS TROCHE

Plaintiff,

- v -

NEW YORK CITY TRANSIT AUTHORITY,

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 156731/2024 |
| **MOTION DATE** | 10/03/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9–22 were read on this motion to <u>DISMISS</u>.

**<u>Relevant Facts[1] and Procedural Background</u>**

This is a motion by Defendant New York City Transit Authority ("NYCTA") seeking dismissal of the Complaint pursuant to CPLR § 3211(a)(1) and CPLR § 3211(a)(7). This action arises from Plaintiff Luis Troche's allegations of disability discrimination under the New York State Human Rights Law ("NYSHRL"), Executive Law § 296(1), and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(1)(a), stemming from NYCTA's refusal to reinstate Plaintiff to his former position as a Train Conductor following a medical leave.

NYCTA is a public benefit corporation headquartered in New York County. NYSCEF Doc. No. 1 ("Compl.") ¶ 4. Plaintiff was employed as a Train Conductor from 2017 to 2021. *Id.* ¶ 5. In July 2021, Plaintiff was hospitalized with biventricular heart failure and placed on medical leave. *Id.* ¶¶ 7–8. During treatment, Plaintiff underwent surgical implantation of an internal cardiac defibrillator ("ICD"). *Id.* ¶ 12. On July 20, 2022, NYCTA terminated Plaintiff's employment under Civil Service Law § 73 based on his prolonged medical leave. *Id.* ¶ 9; NYSCEF Doc. No. 2 ("Termination Letter"). The Termination Letter advised Plaintiff that he could seek reinstatement within one year by submitting appropriate medical documentation and successfully completing a fitness examination.

On March 30, 2023, Plaintiff submitted a medical clearance letter from his treating physician, Dr. Angela Wuepper, stating he "has a history of acute inflammatory demyelinating polyneuropathy, asthma, and biventricular heart failure secondary to non-compaction

---

[1] The facts are taken from the Complaint and for the purposes of this motion, are accepted as true.

**156731/2024 TROCHE, LUIS vs. NEW YORK CITY TRANSIT AUTHORITY**
**Motion No. 001**

**Page 1 of 5**

1 of 5

cardiomyopathy" and was fit to return to work "without restriction." NYSCEF Doc. No. 3 (3/30/23 Medical Clearance Letter). Thereafter, Plaintiff applied for reinstatement and underwent a medical evaluation by NYCTA. The Complaint alleges that NYCTA denied reinstatement, citing safety concerns related to the potential interference between the defibrillator and the subway's live third rail. Compl. ¶ 13 ("Defendant conducted a medical examination of Plaintiff; at that examination Plaintiff was informed by Defendant that he was not qualified to return to work and that he could not be returned to work because of the potential for the third rail to negatively impact Plaintiff's defibrillator").

On or about November 1, 2023, Plaintiff's counsel contacted NYCTA requesting reconsideration. NYSCEF Doc. No. 5 (11/1/23 E-mail). NYCTA responded that reinstatement to the conductor position was not possible due to safety concerns, but indicated a willingness to consider Plaintiff for an alternative role, such as a cleaner. *See id.* ("Mr. Troche has a very serious cardiac condition, based on information I have, he cannot be a conductor"). On January 11, 2024, Plaintiff's cardiologist, Dr. Ersilia DeFillipis, issued a second medical clearance indicating Plaintiff could return to work without restriction. NYSCEF Doc. No. 4 (1/11/24 Medical Clearance).

Plaintiff commenced this action on July 24, 2024, asserting claims under the NYSHRL and NYCHRL. Compl. ¶¶ 18–19. Plaintiff seeks compensatory damages, punitive damages, and lost wages. *Id.* ¶¶ 20–21. Defendant argues that dismissal is warranted under CPLR § 3211(a)(1) because documentary evidence—including the official Notice of Examination and NYCTA's Rules and Regulations—establishes that traversing subway tracks and stepping over third rails are essential functions of the conductor role, which Plaintiff cannot perform due to his ICD. Defendant further argues that Plaintiff has failed to allege the existence of a qualifying disability, a requested accommodation, or his ability to perform the essential job functions, thus warranting dismissal under CPLR § 3211(a)(7). NYSCEF Doc. No. 18 (Def.' Mem of Law). Plaintiff opposed the motion on December 20, 2024, arguing that the documentary evidence does not establish that traversing third rails is essential and that NYCTA failed to engage in a good faith interactive process. NYSCEF Doc. No. 20 (Memo. of Law in Opp'n) at 6–11. On January 13, 2025, NYCTA filed its Reply. NYSCEF Doc. No. 21.

## Legal Discussion

*Documentary Evidence (CPLR § 3211(a)(1))*

Defendant NYCTA moves to dismiss the Complaint pursuant to CPLR § 3211(a)(1), contending that Plaintiff's claims under the NYSHRL are conclusively refuted by documentary evidence establishing, as a matter of law, that Plaintiff is not qualified to perform the essential functions of the conductor position.

Under CPLR § 3211(a)(1), dismissal is warranted where the movant submits documentary evidence that "utterly refutes the Plaintiff's factual allegations, conclusively establishing a defense as a matter of law." *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 326 (2002). To satisfy this standard, the evidence must be unambiguous, authentic, and undeniable—not merely evidence that creates a factual dispute. *Granada Condo. III Ass'n v. Palomino,* 78 A.D.3d 996 (2d Dept.

**156731/2024 TROCHE, LUIS vs. NEW YORK CITY TRANSIT AUTHORITY**
Motion No. 001
Page 2 of 5

2 of 5

[* 2]

2010). When considering a motion to dismiss, "pleadings are to be afforded a liberal construction, allegations are taken as true, the plaintiff is afforded every possible inference, and a determination is made only as to whether the facts as alleged fit within any cognizable legal theory." *CSC Holdings, LLC v. Samsung Elecs. Am., Inc.*, 192 A.D.3d 638, 639 (1st Dept. 2021). Acceptable documentary evidence includes evidence such as "judicial records and documents reflecting out-of-court transactions, such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable." *Fontanetta v. Doe*, 73 A.D.3d 78, 84 (2d Dept. 2010); *see also Phillips v. Taco Bell Corp.*, 152 A.D.3d 806, 807 (2d Dept. 2017).

Here, Plaintiff alleges that he was improperly denied reinstatement as a Train Conductor due to his disability in violation of the NYSHRL. Specifically, Plaintiff claims he is capable of performing all essential functions of the position and asserts that his duties do not require interaction with the subway tracks or third rail. Compl. ¶¶ 6, 10–14.

These allegations, however, are flatly contradicted by the official Notice of Examination (No. 8094) for the Conductor role and the Rules and Regulations Governing MTA Employees. The Notice of Examination explicitly states that "physical activities performed by Conductors and environmental conditions experienced are: walking along subway tracks; stepping over rails (including live third rails)." NYSCEF Doc. No. 14 (Notice of Examination) at 1. Rules and Regulations Governing MTA Employees state that Conductors "must not leave their posts of duty… except in an emergency" and must follow safety procedures "[b]efore leaving their trains to descend to the trackway." NYSCEF Doc. No. 17 (Rules and Regulations Governing MTA Employees) at 219, 221.

This documentation—unambiguous, official, and promulgated by the employer—establishes that traversing the subway track and stepping over live third rails are essential duties of the conductor role, particularly in emergency situations. Because Plaintiff previously held this position, he is presumed to have been aware of these job functions.

Courts must accord substantial deference to an employer's judgment as to which functions are essential to a role, especially in safety-sensitive contexts like public transportation. *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003); *see also Jones v. N.Y.C. Transit Auth.*, 838 F. App'x 642, 645–46 (2d Cir. 2021). The fact that a duty arises only in emergencies does not preclude it from being essential. *Shannon*, 332 F.3d at 100. In *Jones*, the Second Circuit affirmed dismissal of a similar claim, concluding that the Transit Authority's refusal to waive a conductor's responsibility to step over rails did not constitute discrimination under the ADA. The same reasoning applies here. Plaintiff does not dispute that he has an ICD, nor does he identify any reasonable accommodation that would permit him to safely perform these job duties. The risk posed by the defibrillator in proximity to high-voltage electrical components is undisputed and is plead in the Complaint. Compl. ¶ 13.

Because Plaintiff's allegations that he is capable of performing the essential functions of the conductor role are directly contradicted by documentary evidence, and because he fails to allege the existence of any reasonable accommodation that would allow him to do so, Plaintiff's claim under the NYSHRL is defeated as a matter of law.

156731/2024   TROCHE, LUIS vs. NEW YORK CITY TRANSIT AUTHORITY          Page 3 of 5
Motion No. 001

3 of 5

Accordingly, the branch of Defendant's Motion seeking dismissal pursuant to CPLR § 3211(a)(1) is granted.

*Failure to State a Claim (CPLR § 3211(a)(7))*

Defendant further moves to dismiss the Complaint pursuant to CPLR § 3211(a)(7), arguing that Plaintiff has failed to plead sufficient facts to state a cause of action for disability discrimination under both the NYSHRL and NYCHRL. Under CPLR § 3211(a)(7), a complaint must be dismissed where the plaintiff fails to assert facts that, if accepted as true, establish a cognizable legal claim. While the pleading standard is liberal, and courts must afford plaintiffs the benefit of every favorable inference, conclusory allegations unsupported by specific facts are insufficient. *Leon v. Martinez,* 84 N.Y.2d 83 (1994).

To state a claim for disability discrimination under the NYSHRL, the plaintiff must allege that: (1) he suffers from a disability within the meaning of the statute; (2) he is qualified to perform the essential functions of his job, with or without reasonable accommodation; and (3) he suffered an adverse employment action under circumstances giving rise to an inference of discrimination. *Cuccia v. Martinez & Ritorto, PC*, 877 N.Y.S.2d 333, 335 (1st Dept. 2009); *Pimentel v. Citibank, N.A.*, 29 A.D.3d 141, 145 (1st Dept. 2006).

As to the first element, Plaintiff alleges that he suffers from biventricular heart failure and had an ICD implanted. Compl. ¶¶ 7, 12. While such a condition may, under certain circumstances, qualify as a disability, the NYSHRL defines disability in relevant part as a medical condition that "prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques." Executive Law § 292(21). Plaintiff must show that the impairment substantially limits his ability to perform a major life activity or his job. *See Miller v. Ravitch*, 120 A.D.2d 799, 800 (2d Dept. 1986). Here, Plaintiff alleges he can operate the doors and brakes of a train, but fails to plead that he can perform the full range of essential duties required of a conductor, as established by the Notice of Examination and Rules and Regulations. Because essential job functions include traversing subway tracks and stepping over the live third rail—tasks which may pose risks given the presence of a defibrillator—Plaintiff has not adequately alleged that he is capable of performing the essential duties of his position. *Jones v. N.Y.C. Transit Auth.*, 838 F. App'x 642, 645–46 (2d Cir. 2021).

The second and third elements under the NYSHRL—adverse employment action due to disability—are also inadequately plead. The Complaint does not allege that Plaintiff requested a specific reasonable accommodation, nor that Defendant refused such a request. In *Jacobsen v. New York City Health & Hosps. Corp.*, 22 N.Y.3d 824, 835 (2014), the Court of Appeals held that under the NYSHRL, a plaintiff must identify a proposed accommodation and plead that the employer failed to engage in a good faith interactive process to assess its feasibility. Absent such allegations, Plaintiff cannot sustain a claim under the NYSHRL. Accordingly, the Court finds that Plaintiff has failed to state a claim under the NYSHRL, and dismissal under CPLR § 3211(a)(7) is warranted.

The analysis under the NYCHRL is not materially distinguishable. While the NYCHRL is interpreted more liberally and independently from the NYSHRL, and shifts the burden to the

**156731/2024 TROCHE, LUIS vs. NEW YORK CITY TRANSIT AUTHORITY** **Page 4 of 5**
**Motion No. 001**

[* 4]

employer to show that no reasonable accommodation existed or that providing one would impose an undue hardship once an adverse employment action and employer knowledge of disability are established, Plaintiff must still allege that he had a known disability requiring accommodation. *Jacobsen*, 22 N.Y.3d at 835–36; *Goolsby v. City of N.Y.*, 207 A.D.3d 874, 878 (1st Dept. 2022); *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 66 (1st Dept. 2009).

Here, Plaintiff has not adequately plead a known disability requiring accommodation under the NYCHRL. He alleges that he was cleared to work without restriction and does not assert that he proposed or needed a specific accommodation. Absent such an allegation, Defendant was under no obligation to propose or consider accommodations. *Pimentel*, 29 A.D.3d at 145. The failure to allege a known disability and an actual need for accommodation is fatal even under the broader protections of the NYCHRL. *Goolsby*, 207 A.D.3d at 878.

The Court has considered the parties' remaining contentions and finds them unavailing.

Accordingly, it is hereby

**ORDERED** Defendant New York City Transit Authority's Motion to Dismiss the Complaint pursuant to CPLR §§ 3211(a)(1) and (a)(7) is GRANTED, and the Complaint is dismissed in its entirety.

The foregoing constitutes the Decision and Order of this Court.

| **May 29, 2025** | | | | | *A. R. Patel* | |
| **DATE** | | | | | **ANAR RATHOD PATEL, A.J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |